CARL LINDQUIST & CARLSON, INC. v. CLAUS L. JOHANSON.[1]

February 20, 1931.

No. 28,134.

[1]Reported in 235 N. W. 267.

530

*George Beaverson,* for appellant.
*Orin M. Oulman,* for respondent.

LORING, J.

Defendant recovered a verdict against the plaintiff on a counterclaim, and the plaintiff has appealed from an order·denying its motion for new trial.

The counterclaim arose out of alleged negligence of plaintiff in damaging the roof and foundation of defendant's house while the plaintiff was engaged in stuccoing its walls.

The three principal points raised by the appellant are (1) misconduct on the part of one of the jurors in failing to disclose an acquaintance with the defendant; (2) refusal of the court to permit the jury to have a view of the premises; and (3) error in the court's charge relative to the measure of damages to be applied by the jury upon the defendant's counterclaim.

There was no evidence that the juror in question was acquainted with the defendant. It appears that at one time some years previously they worked for the same employer in the same branch of service, but both now deny that they were acquainted at that time.

It was within the trial court's discretion to grant or deny the plaintiff's request that the jury view the premises.

The defendant's counterclaim arose out of negligent injuries to his property by the plaintiff while it was performing the work which it had contracted to do. The plaintiff contends that the true

rule for the ascertainment of such damages is to subtract from the original value of the house as it was before the stuccoing was done the value of the house as it finally stood when plaintiff was through with all its work. We agree with the trial court that such a rule of damages would be wholly unfair to the defendant. The court instructed the jury:

"From the value of the property as it would have been had the work been done in a workmanlike manner and without negligence, you deduct the value of the property in the condition in which it was when the work was completed. The difference is the measure of damages, if any, which you are to allow, which you would allow."

This was correct. The rule contended for by the plaintiff would have deprived the defendant of the value of the betterment which he paid for.

██ There was no error in permitting defendant to testify to the value of his house as it would have been if uninjured by plaintiff's carelessness, or in refusing to permit the plaintiff's expert to testify. The admission of expert testimony is largely within the trial court's discretion.

The trial court attached to his order denying a new trial a memorandum which has been very helpful to this court.

The order appealed from is affirmed.