## STATE v. ROBERT O. CARLSON.

161 N. W. (2d) 38.

July 12, 1968—No. 41,153.

*Joseph P. Summers,* Corporation Counsel, and *Daniel A. Klas,* Special Assistant Corporation Counsel, for appellant.

*Stacker, Silverstein, Burke & Radsom* and *Thomas J. Burke,* for respondent.

PER CURIAM.

This is an appeal from an order of the municipal court requiring a return to defendant of certain property seized pursuant to a search warrant. Defendant asks that the appeal be dismissed. The state contends that the order is appealable under the provisions of Minn. St. 632.11 to 632.13 (Ex. Sess. L. 1967, c. 7).[1] Section 632.11, subd. 1(3) (Ex. Sess. L. 1967, c. 7, § 1, subd. 1[3]), permits the state, in criminal cases, to appeal "[f]rom an order granting the return of property or suppressing evidence * * * ," when the notice of appeal is accompanied by a statement to the effect that the deprivation of the use of the property will weaken, or prevent successful prosecution of, the case. § 632.12 (Ex. Sess. L. 1967, § 2).

The appeal is here on the original record of the municipal court, accompanied by typewritten briefs. The record discloses that, on July 5, 1967, a search warrant was issued directing the seizure of allegedly obscene photographs and magazines on the premises of a bookstore owned and operated by defendant, Robert O. Carlson. The state proposed to use the seized material as evidence in prosecutions against defendant and his employee, Melvin Hoyt. On July 20, 1967, Hoyt entered a plea of guilty in municipal court to a charge of selling obscene material. The prosecution against defendant was dismissed by order of the trial court on October 3, 1967. In the latter case, the state

---

[1] These statutory provisions were considered in State v. Thomas, 279 Minn. 326, 156 N. W. (2d) 745, in which we held that they had no application in cases involving prosecutions under municipal ordinances.

offered in evidence a portion of the seized material, but the court refused to admit it on the ground that it was immaterial and irrelevant. Thereafter, on October 26, 1967, defendant filed a motion for return of the seized material. We are told by the state's brief that an "application to the court for 52-count complaint against defendant for attempting to sell obscene materials" was submitted by the state on October 31, 1967. On the same day the court heard defendant's motion for the return of the property and, on November 2, 1967, granted the motion. It is from the order granting the motion that this attempted appeal is taken.

The state contends that until it is deprived of the possession of the seized material under the provisions of Minn. St. 626.21,[2] it has a right to retain it to be used as evidence in another prosecution. We gather from defendant's brief that the new prosecution is in municipal court for a violation of a city ordinance. He contends under authority of State v. Thomas, 279 Minn. 326, 156 N. W. (2d) 745, that the order in question is not appealable.

Since we do not have the complaint in the proposed criminal action against defendant, we do not know whether the prosecution is in fact based upon a violation of the municipal ordinance or is a prosecution for violation of the state law relating to obscene material. Minn. St. 617.241. The original records of the municipal court consist of three affidavits in support of a search warrant, the search warrant, and an inventory; the notice of motion and affidavit for return of the seized material; the order of November 2, 1967, granting the motion; and an affidavit of the prosecuting attorney which purports to comply with the statement required for appeal under § 632.11, subd. 1(3). This affidavit states that if the state is deprived of the use of the material, the

---

[2] Minn. St. 626.21 provides: "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized or the municipal court having jurisdiction of the substantive offense for the return of the property and to suppress the use, as evidence, of anything so obtained on the ground that (1) the property was illegally seized, or (2) the property was illegally seized without warrant, or (3) the warrant is insufficient on its face, or (4) the property seized is not that described in the warrant, or (5) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (6) the warrant was illegally executed, or (7) the warrant was improvidently issued. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention, and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

566

possibility of a successful prosecution in the proposed new action against defendant will be destroyed.

It should be noted that we are asked to pass upon the validity of the court's order of November 2, 1967, which was issued in a proceeding which has been finally determined by dismissal. We do not find from the record with which we have been provided that there is presently pending a prosecution in which the exhibits seized in the prior action are held for use as evidence. The only material in the record with reference to a pending criminal action is the city attorney's affidavit that the order in the prior action will deprive him of the use of the seized property in a second prosecution. We are told in the state's brief that the second prosecution was instituted by "application" filed with the municipal judge for a new complaint against defendant. It is agreed that no warrant has been issued on the new complaint. We are in the dark as to the form of the "application," and the record tells us nothing of whether criminal proceedings were instituted as provided by § 488A.27, et seq., relating to pleading, practice, and procedure in criminal proceedings in the municipal court of the city of St. Paul.

It is elementary that a party seeking review has a duty to see that the appellate court is presented with a record which is sufficient to show the alleged errors and all matters necessary to consider the questions presented. 1B Dunnell, Dig. (3 ed.) § 342; Truesdale v. Friedman, 267 Minn. 402, 127 N. W. (2d) 277; 4 Am. Jur. (2d) Appeal and Error, §§ 399, 431, and 435. The incomplete and ambiguous record with which we are presented requires dismissal of the appeal.

Appeal dismissed.