CUSTOM FARM SERVICES, INC. v.
LEO D. COLLINS AND ANOTHER.

238 N. W. 2d 608.

January 9, 1976—No. 45583.

*Leo D. Collins* and *James L. Collins,* pro se, for appellants.
*Krofchalk & Boraas* and *Gary F. Krofchalk,* for respondent.

PER CURIAM.

Defendants appealed pro se from a judgment entered pursuant to a jury verdict. Defendants have not supplied an appendix as required by Rule 130.01, Rules of Civil Appellate Procedure, nor have they reproduced the transcript of the district court proceeding, aside from the text of the court's charge to the jury, as required by Rule 110.02, Rules of Civil Appellate Procedure.

Defendants allege several errors which they argue entitled them to

---

a new trial. Because of the absence of a transcript of the district court proceedings, we cannot consider two of these—sufficiency of the evidence, and misconduct of plaintiff's counsel. An appellant has the burden of providing an adequate record for appeal. Error cannot be presumed. Noltimier v. Noltimier, 280 Minn. 28, 157 N. W. 2d 530 (1968).

Defendants argue that the district court erred in not instructing on a no-bill count. Defendants were represented at trial by counsel. No written instructions were requested and at the close of the trial court's charge, no requests for additions or objections were made by defendants' counsel. There being no fundamental error, there is no basis for consideration of the allegation of error in the court's charge. Rule 51, Rules of Civil Procedure; Wadena v. Bush, 305 Minn. 134, 232 N. W. 2d 753 (1975).

Defendants allege two instances of juror misconduct. First, they allege that four of the jurors were acquainted with them but stated that they were not during voir dire. Second, they allege that misconduct occurred during deliberation. Although it may be reversible error for a juror not to disclose acquaintanceships with one of the parties, Carl Lindquist & Carlson, Inc. v. Johanson, 182 Minn. 529, 235 N. W. 267 (1931), a party will not be allowed to remain silent on discovery of such misconduct and gamble on a favorable verdict. Under such circumstances, the party is deemed to have waived his objection. 14 Dunnell, Dig. (3 ed.) § 7107 and cases cited therein. In any event, defendants were represented by counsel during trial. Had they communicated their knowledge of the juror's allegedly untruthful answers during voir dire, the proper procedure for investigating such claims could have been pursued. See, Schwartz v. Minneapolis Suburban Bus Co. 258 Minn. 325, 104 N. W. 2d 301 (1960).

Defendants' other challenge goes to conduct of the jury during deliberation. This state follows the rule that improper conduct which occurs during deliberation cannot be shown by testimony of the jurors themselves. Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. 2d 540 (1966); Hurlburt v. Leachman, 126 Minn. 180, 148 N. W. 51 (1914); 14A Dunnell, Dig. (3 ed.) § 7109.

Affirmed.