**Angela M. SETTER and Ronald Setter, Appellant,**

v.

**John MAURITZ, Respondent.**

**No. C6-84-397.**

Court of Appeals of Minnesota.

July 10, 1984.

Gary Manka, Minneapolis, for appellants.

Rodney G. Grimes, Bloomington, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellants challenge the trial court's interpretation and application of the jury's answers to a special interrogatory verdict. Respondent claims appellants' appeal is defective and should be dismissed.

Dismissed.

## FACTS

At trial, liability having been stipulated to, the trial court submitted a special interrogatory verdict to the jury for a determination of appellants' damages. The jury found as follows:

(1) $2,358.28—for medical expenses to date of trial

(2) $3,150.00—for loss of earnings to date of trial

(3) $10,850.00—for Angela M. Setter's injuries

(4) $1,000.00—for damages to Ronald M. Setter

The trial court then deducted $2,358.28 for medical reimbursement and the sum of $476.00 for loss of earnings reimbursement, leaving Angela a damage award of $8,015.72 for Angela.

Judgment in favor of Angela and Ronald Setter in the amounts of $8,015.72 and $1,000 respectively was entered on December 20, 1983.

On January 16, 1984, appellants moved for a new trial, additur, amended findings of fact and conclusions of law, and objected to respondent's taxation of costs and disbursements.

On January 23, 1984, the trial court: (a) denied appellants' motion for a new trial; (b) denied appellants' motion for additur; (c) denied appellant's motion for amended findings of fact and conclusions of law; and (d) ordered that judgment against Mauritz be entered in favor of Angela and Ronald Setter for the amounts of $7,865.72 and $850. The reductions were awarded for defendant's costs and disbursements because defendant, prior to trial, made an offer that exceeded the verdict. Judgment was entered on January 23, 1984.

On March 1, 1984 appellants filed a notice of appeal stating:

PLEASE TAKE NOTICE that the plaintiffs, Angela M. Setter and Ronald Setter, appeal to the Minnesota Court of Appeals from the District Court's *order for judgment entered on January 23, 1984 ordering that judgment be entered against Defendant* in the amount of $7,865.72 to plaintiff Angela M. Setter and $850 to Plaintiff Ronald Setter.

(Emphasis added.)

On April 20, 1984, respondent moved to dismiss the appeal alleging appellants: (a) failed to file a timely appeal; (b) failed to file a timely brief; (c) failed to timely order a transcript; and (d) failed to attach an appendix to their informal brief. On May 1, 1984, we denied respondent's motion to dismiss, but reserved the question of whether appellants perfected a timely appeal from a nonappealable order or judgment.

## ISSUES

1. Is an order for judgment a nonappealable order?

2. Is the record sufficient to review the trial court's jury instructions regarding the damage award?

## ANALYSIS

1. Judgment was entered on December 20, 1983. On January 23, 1984 the Court

entered another judgment reducing the prior judgment award to appellants by $300 to reflect the costs and disbursements awarded to respondent. The second judgment did not alter the original judgment in any other fashion. It did, however, deny appellants' motions for a new trial, for additur, and for amended findings of fact and conclusions of law.

■ Appellants proper appeal was from the judgment entered December 20, 1983. In *Swartwoudt v. Swartwoudt,* 349 N.W.2d 600 (Minn.Ct.App.1984) we said:

> Where the original judgment is not appealed and an issue is left undisturbed in an amended judgment, that issue is not reviewable on appeal from the amended judgment. *Dennis Frandsen & Co. v. Kanabec County,* 306 N.W.2d 566 (Minn.1981). When a judgment is modified, issues from the original judgment are reviewable only if they were not appealable before the modification. *Servin v. Servin,* 345 N.W.2d 754 (Minn. 1984).

*Id.,* at 602.

■ In this matter, appellants failed to appeal from the original judgment entered December 20, 1983. Appellants also failed to appeal from the judgment entered on January 23, 1984 or from the portion of the order denying their motion for a new trial. Instead, appellants' notice of appeal indicates appellants appeal from the order for judgment dated January 23, 1984. "An order for judgment is not an appealable order." Comment, Rule 103.03 Minn.R.Civ. App.P.; *Swicker v. Ryan,* 346 N.W.2d 367, 368 (Minn.Ct.App.1984).

■ 2. Appellants also failed to provide an adequate record for review of an issue raised in their appeal. "An appellant has the burden of providing an adequate record for appeal." *Custom Farm Services, Inc. v. Collins,* 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976). Appellants did not provide the court with a transcript, a statement of the proceedings, or an agreed statement summarizing the court's oral instructions given at the time the special verdict interrogatory was explained to the jury. In their briefs, the parties dispute the content of the trial court's oral instructions explaining the written special verdict interrogatory. Without a record of the trial court's oral instructions, we cannot determine whether the trial court misapplied the jury's answers to the special verdict interrogatory.

## DECISION

Appellants appealed from a nonappealable order. Since no transcript has been filed, appellants also failed to provide the Court with an adequate record for proper review. Respondent's motion for dismissal is now granted and this matter is dismissed.

Dismissed.