**Richard NELSON as Assignee of Michael David Hawkins and Michael David Hawkins, Appellants,**

v.

**SAFETY, INC., Respondent.**

**No. C6-84-1372.**

Court of Appeals of Minnesota.

Feb. 5, 1985.

Benjamin S. Houge, Houge & Gustafson, Brooklyn Center, for appellants.

Mark A. Gwin, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for Safety, Inc.

Robert W. Murnane, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for Republic Ins. Co.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

### MEMORANDUM OPINION

FOLEY, Judge.

Appellants appeal the trial court's orders granting respondents' summary judgment motions. Shortly before scheduled oral arguments, respondent Republic Insurance Company moved to dismiss the appeal as taken from a nonappealable order. A decision on the jurisdictional question was deferred until the disposition on the merits.

### FACTS

The trial court's order granting the summary judgment motion of respondent Safe-

ty, Inc., was filed December 14, 1983, and judgment was entered January 4, 1984.[1] The order granting respondent Republic Insurance Company's summary judgment motion was filed July 2, 1984, and judgment was entered July 19, 1984.

Appellant's notice of appeal states that they appeal from "the Orders of the Court filed on December 13, 1983, and July 2, 1984". The notice of appeal appellants reprint in the appendix to their brief indicates that they appeal from the December 13 order. Appellants' statement of the case also indicates that the appeal is from the December 13 order.

## ISSUE

Do the errors in appellants' notice of appeal and statement of the case require dismissal?

## ANALYSIS

An order for summary judgment is a nonappealable order. *E.g. Setter v. Mauritz*, 351 N.W.2d 396, 398 (Minn.Ct.App. 1984); *Swicker v. Ryan*, 346 N.W.2d 367, 368 (Minn.Ct.App.1984); Minn.R.Civ.App.P. 103.03 comment. Appellant's proper appeal was from a judgment entered in the trial court. *Id.* 103.03.

The proper judgment from which to appeal was that entered on July 19, 1984, because that judgment "adjudicate[d] all the claims and rights and liabilities of the remaining parties." *Id.* 104.01. More than 90 days have passed since that date. Appellant's time to perfect a proper appeal has, therefore, elapsed. *See id.*

## DECISION

This matter is dismissed because appellants attempt to appeal from the trial courts orders for summary judgment rather than from the final judgment adjudicating all the rights of the parties.

1. Appellants appealed from the trial court's order granting partial summary judgment as to respondent Safety, Inc. The appeal was dismissed as improperly taken from an order granting partial summary judgment. Minn.R. Civ.App.P. 104.01.