Julie **EICHINGER** and Karen Proulx, Respondents,

v.

**WICKER ENTERPRISES, INC.,** et al., **Appellants.**

No. C9-85-968.

Court of Appeals of Minnesota.

Nov. 26, 1985.

Review Denied Jan. 31, 1986.

Paris DonRay Getty, Forest Lake, for respondents.

Wicker Enterprises, Inc., pro se.

Considered and decided by HUSPENI, P.J., and FOLEY and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Robert G. Wicker appeals from a district court order awarding attorney's fees for failure to comply with an order for production of documents and failure to appear at a pretrial hearing. We affirm.

## FACTS

Washington County District Court held Robert Wicker in contempt on April 6, 1982, for failure to comply with an order for production of documents. He was then ordered to pay $500 in attorney's fees. Wicker appealed this contempt order to the supreme court; it was subsequently dismissed.

On November 16, 1984, Wicker failed to appear at a pretrial hearing, to notify op-

posing counsel, or to properly request a continuance. On January 2, 1985, the court ordered Wicker to pay opposing counsel $500 in attorney's fees prior to trial and also to pay the $500 owing on the 1982 order.

On April 4, 1985, two separate order to show cause hearings were scheduled. Both parties consented to combining the matters at a single hearing. An important issue at this hearing was whether appellant was properly notified of the April 4 hearing pursuant to Minn.R.Civ.P. 6.01 and Minn.R. Civ.P. 6.04. The trial court did not rule on Wicker's motion for a continuance but took the matter under advisement and agreed if notice was properly served, the court would order Wicker to pay respondents the $1,000.

After an off-the-record discussion during the hearing, Wicker and plaintiffs' attorney agreed that Wicker would deposit $1,000 with the clerk of court. Wicker now claims the court was to hold the money until after the contempt hearing. Plaintiffs' attorney contends the $1,000 was to be released to him without notice of intent to claim the money. On April 22, 1985, the trial court released the $1,000 on deposit to plaintiffs' counsel.

## ISSUE

Did the trial court err in releasing the $1,000 on deposit with the clerk of court in absence of a formal contempt hearing?

## ANALYSIS

Minn.Stat. § 588.01, subd. 1 (1984) provides that contempts of court are of two kinds, direct and constructive. The latter are defined as follows:

"Constructive contempts are those not committed in the immediate presence of the court, and of which it has no personal knowledge * * *."

Minn.Stat. § 588.01, subd. 3 (1984).

▇ In a civil contempt proceeding a hearing must be conducted upon due notice, and the party charged with non-performance must be given an opportunity at

such hearing to show compliance or his reasons for failure. *Hopp v. Hopp*, 279 Minn. 170, 174, 156 N.W.2d 212, 216 (1968). "[T]he court after such a hearing should determine *formally* whether there was a failure to comply with the order * * *." *Id.* at 175, 156 N.W.2d at 217 (emphasis in original).

▇ Based on the preceding general rules, the contempts here are constructive civil contempts requiring a formal hearing. A hearing took place in district court on April 4, 1985. There appellant argued only that he didn't receive adequate notice and did not address the merits of the contempt orders. On April 22, 1985, the court awarded plaintiffs' counsel the $1,000 on deposit with the clerk of court.

The trial court said that if notice was properly served, it would order Wicker to pay the $1,000. Wicker voluntarily paid $1,000 to the clerk of court. Therefore the court determined Wicker was properly notified and did not abuse its discretion in releasing the $1,000. Furthermore, the reason for holding Wicker in contempt of court became moot upon his payment of $1,000 to the clerk of court.

## DECISION

Affirmed.