**Robert G. WICKER, Appellant,**

v.

**CITY OF MAPLEWOOD, Respondent.**

**No. CX–85–1014.**

Court of Appeals of Minnesota.

Dec. 17, 1985.

Robert G. Wicker, pro se.

Martin J. Costello, Peterson, Bell & Converse, St. Paul, for respondent.

Considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## SUMMARY OPINION

FORSBERG, Judge.

### FACTS

Appellant Robert Wicker, appearing pro se, brought an action for malicious prosecution of a criminal action against the City of Maplewood. Wicker alleged that the prosecution of a citation for failure to display current automobile registration was malicious in that he was neither the driver, operator, nor owner of the vehicle which was cited. Upon trial, the jury by special verdict found that respondent did not institute criminal proceedings against appellant, did not have probable cause to believe appellant was guilty, did not act maliciously, and that the proceedings were not resolved in favor of appellant. Wicker made a motion for a new trial which was denied in all respects.

### DECISION

Appellant asserts that the trial court's jury instructions were erroneous, and that the trial court erred in admitting certain evidence and in excluding certain other evidence.

At trial, Wicker needed to prove that the City instituted criminal proceedings against

him. The trial court instructed the jury that Minn.R.Crim.P. 23.06 states that "a petty misdemeanor shall not be a crime." Failure to display current automobile registration is a petty misdemeanor. Wicker argues that because he could have been fined for the violation, therefore the City did institute criminal proceedings against him. We find no merit in that contention.

As to the evidentiary issues, appellant has not submitted a full transcript of the trial court proceedings. A party seeking review has the duty to provide the appellate court with a record sufficient to show the alleged errors and all matters necessary to consider the issues. *State v. Carlson*, 281 Minn. 564, 161 N.W.2d 38 (1968). Error cannot be presumed. *Custom Farm Services, Inc. v. Collins*, 306 Minn. 571, 238 N.W.2d 608 (1976). Without the requisite trial court transcript, we cannot review evidentiary issues.

Affirmed.