Robert G. WICKER, Appellant,

v.

CITY OF MAPLEWOOD, Respondent.

No. C5–85–1499.

Court of Appeals of Minnesota.

April 29, 1986.

Robert G. WICKER, pro se.

Martin J. Costello, St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and LESLIE, and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant, cited for having expired license plates, brought a malicious prosecution claim against respondent after respondent dismissed the citation. By special verdict, a jury found no malicious prosecution by respondent. Appellant's motion for a new trial was denied, and this court affirmed. *See Wicker v. City of Maplewood,* 378 N.W.2d 138 (Minn.Ct.App.1985). The trial court also found that appellant had acted in bad faith and ordered him to pay respondent's attorney's fees of $8401. This appeal followed. We affirm as modified.

## FACTS

In April 1982, appellant Robert Wicker received a citation from respondent City of Maplewood for having expired license plates on a vehicle. In July 1982, respondent dismissed the citation upon appellant's representation that he was not the owner of the vehicle at the time the citation was issued. A witness for appellant, a Wisconsin resident, testified that she had earlier purchased the car from him and that appellant had been cited before she had been able to obtain Wisconsin license plates. She testified that the car now was properly registered and licensed in Wisconsin.

Appellant, who had made several appearances to contest the citation before it was

ultimately dismissed, immediately brought an action in conciliation court against respondent for compensation lost to him and other damages incurred in his defense against the charge. Respondent, similarly dissatisfied with the result of the case against appellant, presented a certified document from the Wisconsin Department of Transportation showing that the vehicle in question had never been registered in Wisconsin. Accordingly, judgment was entered in respondent's favor.

In October 1982, appellant removed the case to municipal court, alleging malicious prosecution of the citation. There is no record of any pretrial events except an intracounty change of venue requested by appellant in order to expedite trial. Although the court granted appellant's change of venue motion in November 1983, appellant did not present the proposed venue order requested by the court until August 1984. A jury trial took place six months later.

The jury found that respondent had not acted maliciously against appellant. Moreover, the jury found that the citation for expired plates did not constitute a criminal proceeding. Appellant's motion for a new trial was denied, and this court affirmed in December 1985. We held:

> At trial, Wicker needed to prove that the City instituted criminal proceedings against him. The trial court instructed the jury that Minn.R.Crim.P. 23.06 states that "a petty misdemeanor shall not be a crime." Failure to display current automobile registration is a petty misdemeanor.

*Wicker,* 378 N.W.2d at 138–39.

Shortly after the denial of appellant's motion for a new trial, the trial court granted respondent's motion for attorney's fees. The trial court found that appellant had brought his claim in bad faith, that the claim was frivolous, that the purpose of the claim was solely to harass respondent and to delay the ordinary course of justice, and that appellant's actions constituted "an outrageous fraud" upon the court. Accordingly, the court entered judgment for respon-

dent for $8401, the amount of attorney's fees incurred in defense of the malicious prosecution claim. The judgment was separately appealed and did not come to this court for consideration with the other questions decided in December 1985.

Appellant contends that the award of attorney's fees was inappropriate. Relying primarily on a specific finding included in the jury's verdict that respondent did not have probable cause to believe appellant was guilty of the offense, appellant contends his claim was not frivolous. He argues that the jury's finding shows there was some merit to his claim, even though the jury also found that respondent did not act maliciously.

In response, the city elaborates on the trial court's memorandum, which explains its decision to award attorney's fees. The trial court stated as follows:

> The record in this trial is replete with numerous misrepresentations, if not outright lies, on the part of the plaintiff and his witness, Ms. Kathleen Anderson. Those deliberate misrepresentations required counsel for the defendant to resort to extraordinary measures in order to counter the misrepresentations.

> The record reflects that the initial dismissal of the expired registration charge was obtained through the misrepresentation of the plaintiff, that his case in chief continued that misrepresentation, and that his rebuttal case attempted to cover up the initial fraud with further misrepresentations. The actions of the plaintiff constitute an outrageous fraud upon this Court.

Respondent also points out that a four day trial was conducted solely on appellant's claim for $72.72 expended in connection with his defense of the citation for expired plates. In his conciliation court action, appellant initially alleged $1250 in damages, but amended the damage claim to $72.72 at the hearing. In municipal court, he again alleged $1250 in damages and again reduced the claim to $72.72 on the first day of trial. The trial court found that respondent was ready to pay appellant the full

amount demanded to settle the claim, but that appellant insisted on proceeding "on principle," stating that it was going to cost respondent "a lot more than that." Appellant claims he would have settled the case for no damages if respondent would admit that the city had maliciously prosecuted him; because the city refused to admit that, he refused to settle.

## ISSUE

Did the trial court abuse its discretion in awarding $8401 in attorney's fees?

## ANALYSIS

 Minnesota law provides for an award of costs as follows:

Upon motion of a party, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

Minn.Stat. § 549.21 (1984). An award of attorney's fees under the statute may only be upset upon a finding of abuse of discretion by the trial court. *National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 709 (Minn.Ct.App.1984). While the courts are normally reluctant to award attorney's fees against a pro se litigant, an award is warranted where conduct has been extreme. *Liedtke v. Fillenworth*, 372 N.W.2d 50, 52 (Minn.Ct.App.1985).

The trial court specifically found that appellant's claim was brought in bad faith, that it was frivolous, and that the purpose of the claim was solely to harass respondent and to delay the ordinary course of justice. The trial court also stated that appellant's actions constituted an outrageous fraud upon the court. As respondent notes, appellant did not provide a trial transcript. As a consequence, we are unable to scrutinize the trial court's determi-nations in regard to appellant's conduct at trial. Our limited review of those matters that appear in the record regarding the events that led up to the trial shows that the trial court's findings are consistent with the evidence and are within the parameters of the statute.

 This leaves the more troublesome question of the amount of fees awarded to respondent. Here we are able to review the issue on the basis of the record. The award was based on an itemized statement provided by counsel for the city. The statement shows that $618.75 was incurred through January 25, 1985, the last date before the city's attorneys began their trial preparation. The remaining fees and expenses relate to the trial preparation and a four day trial, all during an eighteen day period between January 29 and February 15.

The trial court concluded that appellant's frivolity accounted for the occurrence of the trial proceedings in February 1985. The record indicates that appellant's claim was utterly without merit. The trial court concluded appellant's claim was fraudulent and frivolous. As respondent observes, the jury "clearly determined that appellant had no evidence, none, to support any part of his frivolous claim." In addition, the claim for expenses connected with prosecution of a traffic citation was found to be defective as a matter of law. While the trial court left to the jury the question of whether any criminal proceedings were instituted by respondent against appellant, it instructed the jury, as a matter of law, that under Minn.R.Crim.P. 23.06, "a petty misdemeanor shall not be a crime." In upholding the trial court's denial of a new trial, we affirmed this view of the law. *See Wicker*, 378 N.W.2d at 139.

In sum, the record supports the conclusion that appellant's actions were frivolous. What is troubling is the occurrence of a four day trial in order to reach that conclusion. Aside from other defects of the claim, it was found faulty as a matter of law because it was based on prosecution of a petty misdemeanor traffic citation.

There was no need for a verdict from a jury to determine that appellant had not shown there was any genuine question of malicious prosecution in this case. *Cf. O'Neill v. Johnson,* 53 Minn. 439, 441, 55 N.W. 601, 601 (1893). In fact, the trial court's jury instructions were tantamount to a directed verdict, and we have previously determined that the trial court's view of the law was correct.

We find inescapable the question of why the patently frivolous proceedings carried forward by appellant could not have been challenged and dismissed before the occurrence of prolonged and costly trial proceedings. We conclude that the discretion of the trial court does not extend to an award charging the appellant with the entire cost of the trial proceedings, and we accordingly reduce the trial court's award to $618.75, the amount of attorney's fees incurred prior to actual trial preparation.

### DECISION

The trial court correctly determined that appellant acted in bad faith and that an award of attorney's fees was warranted. Because the case should have been challenged and dismissed before trial proceedings unfolded, the trial court abused its discretion in awarding attorney's fees for the full amount incurred in the trial proceedings. The reasonable amount of attorney's fees is $618.75, and we affirm the judgment as modified by the trial court administrator to state appellant's obligation in that amount.

Affirmed as modified.