Julie **EICHINGER**, et al., Respondents,

v.

**WICKER ENTERPRISES, INC.,** et al., **Appellants.**

Nos. C7–85–1181, C2–85–1640.

Court of Appeals of Minnesota.

July 8, 1986.

Review Denied Aug. 27, 1986.

Kelly S. Rask, Forest Lake, for respondents.

Robert G. Wicker, pro se.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant contends that he is entitled to a new trial due to the exclusion of certain evidence, improper closing argument, newly-discovered evidence, and insufficient evidence to sustain the verdict. We affirm.

## FACTS

Respondents Julie Eichinger and Karen Proulx were both employed by appellant Wicker Enterprises, Inc. In April 1981, they brought suit against appellant, alleging nonpayment of wages and wrongful detention of Proux's automobile. The complaint alleged damages for the unpaid wages due Proulx of $1,757.19 and due Eichinger of $8,000.

Following a four-day trial, the jury awarded Proulx and Eichinger $185,000 as damages for unpaid wages. Proulx was also awarded $13,384 in compensatory and punitive damages for the wrongful detention of her car. Attorney's fees under Minn.Stat. § 549.21 (1984) were also awarded against appellant.

Appellant moved for a new trial, which the trial court denied. However, the trial court did reduce the awards for unpaid wages to $10,269.19 and slightly reduced the award of attorney's fees.

## ISSUE

Did the trial court abuse its discretion in denying a new trial?

## ANALYSIS

Appellant first contends that the trial court abused its discretion in not admitting as evidence his bookkeeping records which he claims would show that respondents were paid in full. We disagree.

This action was started in 1981. In order to aid the protracted discovery, the trial court ordered in August 1984 that only exhibits presented and marked at the pretrial conference would be accepted at trial. Appellant did not appear at the scheduled pretrial conference. *See Eichinger v. Wicker Enterprises, Inc.*, 376 N.W.2d 751 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Jan 1, 1986). At trial, the court refused to admit appellant's documents. Because this exclusion was due to appellant's own inaction and because the trial court's order was reasonable in light of the difficulties during discovery, we refuse to find an abuse of discretion.

Appellant next contends that opposing counsel's closing argument was improper, that newly-discovered evidence requires a new trial, and that the evidence is insuffi-

cient to sustain the verdict. On all these issues, we must affirm the trial court.

■ Appellant bears the burden of providing an adequate transcript. *Custom Farm Services, Inc. v. Collins*, 306 Minn. 571, 572, 238 N.W.2d 608 (1976). Appellant was warned by order of this court dated August 23, 1985 of the consequences of failing to provide an adequate record for review. Appellant chose not to heed that order, and provided only the transcript of the testimony of one minor witness and the jury instructions. Without a more complete transcript, we cannot review any of the above issues.

## DECISION

The trial court is affirmed in all respects.