Van Thuy TRAN, Appellant,

v.

The ESTATE OF Ralph J.
DITZLER, Respondent.

No. C4–87–364.

Court of Appeals of Minnesota.

Aug. 25, 1987.

William B. Simonet, Jr., Johnson & Simonet, North St. Paul, for appellant.

John W. Lang, Lang, Pauly & Gregerson, Ltd., Minneapolis, for respondent.

Considered and decided by
NIERENGARTEN, P.J., and FOLEY
and RANDALL, JJ., with oral
argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal of an order dissolving the appellant's notice of lis pendens. The district court concluded the parties' purchase agreement was terminated under Minnesota Statutes section 559.21. We affirm.

## FACTS

Appellant Van Thuy Tran and representatives of the estate of Ralph Ditzler signed a purchase agreement in October 1985 by which Tran agreed to pay $3,157,000 for sixty-eight condominium units. Tran was obligated to close on specified units by certain dates and make periodic payments. Although Tran claims the purchase agreement also included a vacant lot adjacent to the condominium units, the agreement does not include a legal description of the adjacent parcel of land.

Tran was able to sell only twenty-eight of the sixty-eight units within the prescribed time schedule and Ditzler's estate instituted statutory cancellation procedures. Tran did not seek to enjoin the estate from terminating the purchase agreement. However, approximately two months after the cancellation procedures were concluded, she served a summons and complaint in which she alleged the parties' purchase agreement contemplated the sale of the adjacent lot. She asked the district court to reform the parties' purchase agreement to include a legal description of the vacant lot and order Ditzler's estate to convey to her an undivided 28/68 interest in the vacant lot. Ditzler's estate counterclaimed and subsequently moved for summary judgment asking that the district court dismiss the complaint, dissolve Tran's notice of lis pendens, and order Tran to pay costs, disbursements, and attorney fees. The district court granted the estate's motion, concluding Minn.Stat. § 559.21 applies to purchase agreements and noted that the parties' agreement does not describe or refer to adjacent land or a vacant lot. The court also noted that a fact issue might exist about whether the adjacent parcel should have been included in the purchase

agreement, but concluded Tran's argument was not timely and should have been "interposed in a proceeding to enjoin cancellation of the contract." The district court denied the estate's request for attorney fees because it concluded the suit was not frivolous.

Tran contends the district court erred by granting summary judgment and argues there are disputed material facts and valid equitable claims. Ditzler's estate argues that the order for summary judgment is not an appealable order and contends the district court erred by denying its request for attorney fees.

## ISSUES

1. Is the order dismissing the notice of lis pendens an appealable order?

2. Did the district court err by granting summary judgment?

3. Did the district court err by denying the respondent's request for attorney fees?

## ANALYSIS

### 1. Dismissal of the Notice of Lis Pendens

■ Ditzler's estate contends Tran's appeal is improper because it is based on an order for summary judgment. Generally, orders for summary judgment are not appealable. *See Nelson v. Safety, Inc.*, 361 N.W.2d 470, 471 (Minn.Ct.App.1985). However, an order canceling a notice of lis pendens is an appealable order. *See Rehnberg v. Minnesota Homes, Inc.*, 235 Minn. 558, 558, 49 N.W.2d 196, 197 (1951); Minn. R.Civ.App.P. 103.03.

Ditzler's estate contends Tran's action was not finally determined when the notice of lis pendens was discharged by the district court's January 22, 1987, order because the court ordered the attorney for the estate to draft an appropriate order describing the real estate. Ditzler's estate is in error. The order expressly stated that Tran's notice of lis pendens "is dissolved." Tran's appeal is not improper.

### 2. Summary Judgment

Summary judgment may be rendered

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. The evidence must be viewed in a light most favorable to the nonmoving party, and summary judgment may be granted only if the movant has established that there are no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law. *See Sauter v. Sauter*, 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955).

The district court granted summary judgment because the court concluded the purchase agreement is a "contract of sale" within the meaning of Minn.Stat. § 559.21, which establishes statutory procedures for terminating a contract for the purchase of real estate after a buyer defaults.

> If a default occurs in the conditions of a contract for the conveyance of real estate or an interest in the real estate that gives the seller a right to terminate it, the seller may terminate the contract by serving upon the purchaser * * * a notice specifying the conditions in which default has been made.

Minn.Stat. § 559.21, subd. 2a(a) (Supp. 1985). The mandatory notice required by the statute refers to the termination of a "contract for the purchase of * * * property" and the statute indicates that the termination procedures and notice requirements apply to purchase agreements. *See id.* § 559.21, subds. 3, 4(a); *see also Romain v. Pebble Creek Partners*, 310 N.W.2d 118, 121 (Minn.1981) (the statutory language "is broad enough and plain enough to include purchase agreements").

The mandatory notice language advises defaulting parties that their contract for the purchase of property may be terminated unless they

> secure from a county or district court an order that the termination of the contract be suspended until [the defaulting par-

ties'] claims or defenses are finally disposed of by trial, hearing or settlement.

Minn.Stat. § 559.21, subd. 3. The notice further advises defaulting parties that they may lose their right to assert any claims or defenses unless they make certain payments or otherwise seek relief from a district court in a timely manner. *Id.* The district court did not err by concluding Minn.Stat. § 559.21 applies to this case because the purchase agreement between Tran and Ditzler's estate is a contract for the conveyance of real estate and is "sufficiently certain and complete in its essential terms that ordinarily specific performance will lie." *See Romain*, 310 N.W.2d at 122.

Tran did not seek an order suspending the contract termination. Consequently, her interest in the forty condominium units which she did not sell within the time schedule prescribed in the purchase agreement was terminated by the cancellation proceedings. *See West v. Walker*, 181 Minn. 169, 171, 231 N.W. 826, 827 (1930) (neither the vendee nor the vendor could assert a claim against the other arising out of the land transaction after the cancellation was completed).

Tran's claims of misrepresentation and her request for reformation of the contract were untimely because, after the contract was terminated under the statutory cancellation procedures, there was no contract for the district court to reform. Even if Tran's claim that a material fact existed about her "reliance" that the vacant lot was included in the transaction, that claim was not advanced until the time of the summary judgment hearing; by that time the purchase agreement already had been terminated. Her failure to seek an injunction during the termination proceedings precludes her from asserting claims under the purchase agreement. *See Hommerding v. Peterson*, 376 N.W.2d 456, 458 (Minn.Ct.App.1985) ("appellants could not bring an action against the vendor for fraudulent misrepresentation pursuant to a contract for deed after termination of the contract").

Even if the district court considered Tran's request for contract reformation or

her claims based on partial performance, statute of frauds, or equitable estoppel, summary judgment still was appropriate because Tran did not support those claims with specific evidence. *See* Minn.R.Civ.P. 56.05.

### 3. Attorney Fees

The district court did not award attorney fees in part because the court concluded Tran's attorney had not acted frivolously in bringing the suit. In its discretion, a court may award costs, disbursements, and reasonable attorney fees if a party acted in bad faith or asserted frivolous claims. *See* Minn.Stat. § 549.21, subd. 2 (1986). "A trial court's refusal to award fees will not be reversed absent an abuse of discretion." *Regents of the University of Minnesota v. Medical Inc.*, 382 N.W.2d 201, 213 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Apr. 18, 1986), *cert. denied,* — U.S. —, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986). The district court did not abuse its discretion by denying attorney fees on the grounds that Tran's claims were not frivolous or asserted in bad faith.

### DECISION

The district court did not err by granting summary judgment because Tran's claims were barred as a matter of law when she failed to comply with the terms of the purchase agreement and the contract was terminated under the statutory cancellation procedure. The district court did not abuse its discretion by denying the respondent's request for attorney fees.

Affirmed.