*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0972**

State of Minnesota,
Respondent,

vs.

Ayesha Lynn Khan,
Appellant.

**Filed January 12, 2015
Affirmed
Chutich, Judge**

Ramsey County District Court
File No. 62SU-CR-13-4326

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Thomas R. Hughes, Hughes & Costello, St. Paul, Minnesota (for respondent)

Ayesha Lynn Khan, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Reilly, Presiding Judge; Stauber, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant Ayesha Khan challenges her conviction of a petty misdemeanor, arguing that the evidence was insufficient to find her guilty. Because the record before us is inadequate to review this question, we must affirm.

**FACTS**

In October 2013, Khan was involved in a car accident on the entrance ramp from Silver Lake Road to Interstate 694. Khan was the third car in a three-car accident and rear-ended the car in front of her. The impact caused Khan's airbags to deploy, and her car and the car she struck were enmeshed until a tow truck separated them.

Khan received a citation for following too closely that was later certified as a petty misdemeanor. At trial, Khan argued that she was not at fault because her brakes were bad. She introduced into evidence a recall notice stating that her car may take longer to stop because of the brake issue. The district court found her guilty and fined her $150. This appeal followed.

**D E C I S I O N**

When reviewing a challenge to the sufficiency of the evidence, this court's review "is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the [factfinder] to reach the verdict which [it] did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989).

Khan argues that insufficient evidence exists to support the verdict and that the recall notice supports her claim that she was not at fault for the accident. But Khan failed to order a transcript for this appeal, prepare a statement of proceeding under Minnesota Rule of Civil Appellate Procedure 110.03, or prepare a statement of the record with the state under Minnesota Rule of Civil Appellate Procedure 110.04. Unfortunately, this burden lies squarely with Khan on appeal. *Custom Farm Servs., Inc. v. Collins*, 306

Minn. 571, 572, 238 N.W.2d 608, 609 (1976); *see also* Minn. R. Civ. App. P. 110.02 ("The Transcript of Proceedings; Duty of Appellant to Order"); *State v. Carlson*, 281 Minn. 564, 566, 161 N.W.2d 38, 40 (1968) ("It is elementary that a party seeking review has a duty to see that the appellate court is presented with a record which is sufficient to show the alleged errors and all matters necessary to consider the questions presented.").

We realize that Khan is proceeding without an attorney, but while some leeway may be given to a person who represents herself, we may not excuse this fundamental procedural requirement. *See State v. Seifert*, 423 N.W.2d 368, 372 (Minn. 1988). And this court may not presume error. *Custom Farm Servs.*, 306 Minn. at 572, 238 N.W.2d at 609. Without a transcript of the district court proceedings, we do not know who testified or what the substance of that testimony was. Without an adequate record, this court is unable to review a claim of insufficient evidence. *See id.*

**Affirmed.**