*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0403**

In the Matter of the Appointment of a Trustee for the Next of Kin of:
Nadir Imbrahim Ombabi, Decedent

**Filed August 8, 2016**
**Affirmed**
**Larkin, Judge**

Hennepin County District Court
File No. 27-CV-12-24205

Hosameldin Ibrahim Imbabi, Gold River, California (pro se appellant)

Warren E. Peterson, PFB Law, P.A., St. Paul, Minnesota (for respondent Nariman Sirag Elsayed Khalil)

Lawrence M. Hall, Hall Law, P.A., St. Cloud, Minnesota (for respondent Trust for Nadir Ibrahim Ombabi[1])

        Considered and decided by Larkin, Presiding Judge; Smith, Tracy M., Judge; and Klaphake, Judge.*

---

[1] The case caption in the district court identifies the decedent as "Nadir Imbrahim Ombabi," and that name is used in the caption on appeal. *See* Minn. R. Civ. App. P. 143.01 ("The title of the action shall not be changed in consequence of the appeal."). However, the parties' briefs and the district court's distribution order identify the decedent as "Nadir Ibrahim Ombabi." We use that spelling in the body of this opinion.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**LARKIN**, Judge

In this pro se appeal, appellant challenges the district court's distribution of wrongful-death settlement proceeds. We affirm.

**FACTS**

Nadir Ibrahim Ombabi was a taxi driver in Minnesota and a Minnesota resident. He married respondent Nariman Sirag Elsayed Khalil in Sudan, under the Islamic law of Sudan. He died in an accident in Minnesota. His estate brought a wrongful-death claim, which settled for $183,000 in Minnesota.

After the settlement, the trustee for Ombabi's next of kin petitioned for an order determining the proportionate pecuniary loss of persons entitled to the settlement proceeds under Minn. Stat. § 573.02, subd. 1 (2014), and for distribution of the proceeds. The district court held a hearing on the petition. Ombabi's brother, appellant Hosameldin Ibrahim Imbabi, argued that the district court should apply Islamic law and, after payment of expenses from the settlement proceeds, distribute 25% of the proceeds to respondent, 16.7% to Ombabi's mother's estate, and the remaining proceeds to Ombabi's siblings, with the males to receive "twice the share of the female."

The district court rejected appellant's request for application of Islamic law and instead applied Minn. Stat. § 573.02, subd. 1. The district court issued a distribution order providing for payment of attorney fees, litigation expenses, funeral costs, and trustee services. The order directed the trustee to distribute the remaining settlement proceeds to respondent. The district court determined that appellant was entitled to $11,920 for his

services as the prior trustee and that he had already been paid this amount. This pro se appeal follows.

## D E C I S I O N

Appellant asserts that (1) the district court judge inappropriately expressed his personal opinion regarding the case before the hearing, (2) the district court "failed from the beginning to determine the points of issue which would have . . . helped the court to define in particular which law to be applied on the dispute and that contradicts the statute of Conflicts of Law," (3) the district court did not "mention or remind the parties to present their witnesses to affirm the plaintiff statements or to disprove it," (4) the district court did not allow appellant to cross-examine witnesses, and (5) the "fact that there [were] no witnesses makes it very challenging" for the district court to have assessed credibility. Appellant further asserts that "the principles of the private international law should have been applied from the beginning since the law of all parties (the decedent, his widow and decedent['s] next of kin) is the Islamic Law and they are all Muslims and follow the specifics of the religion."

This court does not presume error on appeal. *White v. Minn. Dep't of Nat. Res.*, 567 N.W.2d 724, 734 (Minn. App. 1997), *review denied* (Minn. Oct. 31, 1997). The burden is on appellant to show that the district court erred and that prejudice resulted. *See Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (stating that to prevail on appeal, an appellant must show both error and prejudice resulting from the error). And "[a]n appellant has the burden of providing an adequate record for appeal." *Custom Farm Servs., Inc. v. Collins*, 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976).

3

"Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001).

In this case, appellant did not provide a transcript. This court therefore cannot resolve issues that require a transcript, such as whether the district court judge made statements indicating that he had predetermined the outcome of the case or whether the district court erred by refusing to allow cross-examination of certain witnesses. *See Custom Farm*, 306 Minn. at 572, 238 N.W.2d at 609 ("Because of the absence of a transcript of the district court proceedings, we cannot consider two of [appellant's alleged errors].").

Moreover, "[a]n assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quotation omitted). None of appellant's assertions of error are adequately supported by legal argument or citation to legal authority. For example, appellant's main assertion of error appears to be that the district court should have applied Sudanese Islamic law instead of Minnesota law when distributing the wrongful-death settlement proceeds. But appellant does not explain why, other than stating, "[he] strongly believe[s] that the principles of the private international law should have been applied from the beginning since the law of all parties . . . is the Islamic Law and they are all Muslims and follow the specifics of the religion." And

4

appellant's citations to legal authority are not on point. He cites Minn. Stat. § 14.57 (2014), which governs initiation, decision, and agreement to arbitrate a contested case proceeding under the Minnesota Administrative Procedure Act, and Minn. Stat. §§ 541.30, .33 (2014), which regard determination of the limitation period when there is a conflict of law.

Appellant also asserts that the district court erred by refusing to honor a legal declaration issued by the Sudanese Family Court in Khartoum regarding distribution of the wrongful-death settlement proceeds under Sudanese Islamic law. Once again, appellant does not support this assertion with adequate legal argument or authority. Moreover, given appellant's failure to provide a transcript on appeal and the district court's order for distribution, it is not clear to us that this issue was raised and determined in the district court. Generally, as an error-correcting court, this court does not consider an issue that was not raised and determined in district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)).

The district court was asked to determine the proportionate pecuniary loss of persons entitled to recover under Minn. Stat. § 573.02, subd. 1, and to distribute the wrongful-death settlement proceeds accordingly. Section 573.02, subdivision 1, provides:

> The recovery in the action is the amount the jury deems fair and just in reference to the pecuniary loss resulting from the death, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. The court then determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly. Funeral

5

> expenses and any demand for the support of the decedent allowed by the court having jurisdiction of the action, are first deducted and paid.

The district court found that "there is no credible evidence to prove Mr. Ombabi's mother, brother, or sisters experienced a pecuniary loss, or more importantly what that pecuniary loss is, because of Mr. Ombabi's passing." Accordingly, the district court ordered that 100% of settlement proceeds remaining after deduction of attorney fees, litigation expenses, funeral costs, and trustee services be distributed to respondent.

We have reviewed the limited record and considered appellant's assertions of error. Given the record before this court, we do not discern obvious prejudicial error. Appellant therefore is not entitled to relief.

**Affirmed.**