# LEO NOLTIMIER, JR. v. MADALAINE NOLTIMIER.

157 N. W. (2d) 530.

March 22, 1968—No. 40,793.

*Leo Noltimier,* pro se, for appellant.
*Kenneth H. Dally,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Peterson, JJ.

PER CURIAM.

This is an attempted appeal pro se from an order of the district court in a divorce proceeding pursuant to plaintiff husband's motion for reduction of support payments and an order to show cause on behalf of defendant wife why plaintiff should not be required to make payments of such support. The order denied the motion for reduction of support payments and found plaintiff in contempt for having failed to comply with the terms and conditions of the prior orders for support. It provided "that the defendant shall be remanded to the custody of the Probation Officer of Hennepin County and placed on probation for the purpose of serving out such sentence for a period of ninety days." [1]

Plaintiff in his brief asserts that "[t]he court erred because the evidence

---

[1] The inadequate record prevents us from applying two recent significant decisions of this court relating to the subject of civil contempt in divorce actions. Hopp v. Hopp, 279 Minn. 170, 156 N. W. (2d) 212; Cozik v. Cozik, 278 Minn. 517, 155 N. W. (2d) 471.

was insufficient for a finding of contempt against the plaintiff"; that it erred "in acting arbitrarily"; and that, among other things, it failed to examine previous orders contained in the record and to recognize that they violated certain vaguely expressed constitutional rights.

The material before us consists of printed copies of the complaint, answer and cross-complaint, and reply, and orders granting temporary alimony, support money, and attorneys' fees. The district court file has not been transmitted nor does the record presented here contain exhibits, affidavits, a transcript of testimony, or other material which the trial court might have had before it, including evidence bearing upon the fitness of the parties to have custody or the financial circumstances of plaintiff husband.

While we have said that where an appellant acts as attorney pro se we are disposed to disregard defects resulting from failure to comply with the rules of this court relating to the contents of the brief (Bartl v. City of New Ulm, 245 Minn. 148, 72 N. W. [2d] 303), that does not relieve appellant of the burden to provide an adequate record and preserve it in a settled case to enable us to review questions he desires to raise on appeal. Error cannot be presumed. As in Seerup v. Swanson, 223 Minn. 230, 26 N. W. (2d) 33, the record is barren of material necessary for an understanding of the issues. Inasmuch as we cannot determine from the record here whether the court acted arbitrarily or whether the determination of the court is supported by the evidence, we are compelled to hold that the appeal must be dismissed. 3 Am. Jur. (2d) Appeal and Error, §§ 399, 404, 407, 435; Rule 59.07, Rules of Civil Procedure; 1B Dunnell, Dig. (3 ed.) §§ 342, 345, 349; Truesdale v. Friedman, 267 Minn. 402, 127 N. W. (2d) 277; Minn. St. 605.05 of Civil Appeal Code. See, Rules 110 and 111, Rules of Civil Appellate Procedure, effective February 1, 1968.

Dismissed.