# MARIAN HELEN HOUGE v. GLENN MYLES HOUGE.

157 N. W. (2d) 516.

March 22, 1968—No. 40,865.

*Glenn Myles Houge,* pro se, for appellant.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

This is an appeal from a judgment in a divorce action in which defendant husband, who was an inmate in the State Prison, complains that the summons and complaint were not properly served upon him; that the marriage relationship was resumed while the action was pending; and that the state unlawfully prevented his appearance at trial. There was no appearance by the parties or their attorneys in this court, and the case was submitted on defendant's brief and a transcript of the preliminary proceedings and trial provided by the lower court.

In the recent case of Noltimier v. Noltimier, 280 Minn. 28, 157 N. W. (2d) 530, we said that "where an appellant acts as attorney pro se we are disposed to disregard defects resulting from failure to comply with the rules of this court relating to the contents of the brief, [but] that does not relieve appellant of the burden to provide an adequate record and preserve it in a settled case to enable us to review questions he desires to raise on appeal. Error cannot be presumed."

It may be observed, however, that the court acquired jurisdiction since the summons and complaint were served upon the defendant in the state institution pursuant to Rule 4.03(a), Rules of Civil Procedure. The transcript of proceedings indicates that the trial court appointed an attorney to represent defendant, who prepared and filed an answer. It also appears that while the proceedings were pending defendant was released on parole and shortly thereafter violated the conditions of his parole and was again returned to custody. The court-appointed attorney thereupon withdrew, after which another attorney was appointed by the court, who represented defendant at the trial. We gather from the transcript that the services of both attorneys to defendant were without cost to him. It may also be ob-

served from an examination of the transcript that the record establishes cause for divorce in defendant's having been sentenced to the State Prison (Minn. St. 518.06[4]) and his habitual drunkenness (§ 518.06[6]).

As in Seerup v. Swanson, 223 Minn. 230, 26 N. W. (2d) 33, the record is barren of material necessary for a review of the other issues presented. We accordingly hold that the appeal must be dismissed. Noltimier v. Noltimier, *supra.*

Appeal dismissed.