**STATE of Minnesota, Respondent,**

v.

**Gary Allen ENGLER, Appellant.**

No. 81–1143.

Supreme Court of Minnesota.

May 28, 1982.

Elvera M. Erickson, G. D. Tallard, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, James R. Clifford, County Atty., Center City, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of a charge of assault in the second degree, Minn.Stat. § 609.222 (1980) (assault with a dangerous weapon), and was sentenced by the trial court to 18 months in prison, a sentence which the trial court stayed pending this appeal. On this appeal defendant seeks a new trial on the basis of alleged misconduct by the prosecutor in his opening statement and alleged error by the trial court in failing to remove a juror; alternatively he contends that he is at least entitled to a stayed 21-month prison term, which is the term provided by the Minnesota Sentencing Guidelines Grid, rather than the executed 18-month term which he received pursuant to Minn.Stat. § 609.11 (1980) and Minnesota Sentencing Guidelines and Commentary, II.E. (1980). We affirm.

Defendant did not order a complete transcript of the trial; rather, he ordered a transcript only of those parts of the trial which he contends establish misconduct in the prosecutor's opening statement and error by the trial court in failing to remove one of the jurors. Our examination of the selected parts of the transcript do not support defendant's claims of serious error. However, we note that even if they did support defendant's claims of error, without a complete transcript or an appropriate stipulation concerning what would be disclosed by a complete transcript, we would be unable to verify whether the alleged errors resulted in prejudice.

Defendant's only other contention is that his executed sentence of 18 months in prison was illegal and that he should be resentenced to a 21-month stayed sentence. The 21-month stayed sentence is the presumptive sentence established by the Sentencing Guidelines Grid for a severity level VI offense by one with a criminal history score of zero. The trial court concluded that assault in the second degree is an offense covered by the mandatory minimum-term law, Minn.Stat. § 609.11 (1980), and accordingly sentenced defendant to an executed 18-month term, which is the term mandated by Minnesota Sentencing Guidelines and Commentary, II.E. (1980) in such a situation. Defendant's contention that section 609.11 does not apply to assault in the second degree is a contention which we rejected in State v. Kittleson, 305 N.W.2d 787, 789 (Minn.1981), where we stated:

> Section 609.11 provides that "aggravated assault" is one of the offenses to which the mandatory minimum-term law applies. Defendant's contention is that assault with a dangerous weapon used to be one of two forms of aggravated assault under Minn.Stat. § 609.225, but that the legislature has repealed Minn.Stat. § 609.225 and that there is no longer such a thing as aggravated assault. See Act of May 29, 1979, ch. 258, § 25, 1979 Minn. Laws 548, 556. Actually, assault with a dangerous weapon was merely relabeled assault in the second degree and the legislature, through inadvertence, neglected to revise section 609.11 to conform to this relabeling. Section 609.11 still must be interpreted as applying to a conviction for assault with a dangerous weapon.

Affirmed.