**STATE of Minnesota, Respondent,**

v.

**Nathaniel ANDERSON, Appellant.**

No. C2–82–1638.

Supreme Court of Minnesota.

July 6, 1984.

Edward S. Wilson, Neighborhood Justice Center, Inc., St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of charges of transfer of stolen property valued at $150 or more and theft by retaining stolen property valued at over $2,500, Minn.Stat. §§ 609.53, subd. 1(1), 609.52, subd. 2(1) and 3(2) (1980). The charges were based on defendant's selling a stolen 1978 Chevrolet Monza for $200 on November 10, 1981, to a store front under-cover "sting" operation in Roseville run by the Ramsey County Sheriff's Department. The car, which the owner valued at $4,000, was stolen from an address in Minneapolis the day before, November 9. The trial court sentenced defendant for the offense of transfer of stolen property to an exe-cuted term of 44 months in prison, which is the presumptive sentence for a severity level VI offense by a person with a criminal history score of four. On appeal, defendant seeks a new trial on the ground that the trial court's instructions, given after the jury asked the court to repeat the instructions on the elements of the offenses, were not only different from the instructions to which defense counsel had tailored his closing argument but were confusing on the issue of what mental state defendant must have had in order for the jury to convict him of the offense of transfer of stolen property. Even if error was committed—an issue we do not decide—defendant is not entitled to any relief from the conviction. Normally, a criminal defendant cannot obtain a new trial on appeal by establishing that error occurred in the conduct of the trial unless he provides this court with a complete transcript or an appropriate stipulation concerning what would be disclosed by a complete transcript. Without such a transcript or stipulation, we cannot verify whether the error resulted in prejudice. *State v. Engler*, 319 N.W.2d 705 (Minn.1982).

Affirmed.