STATE of Minnesota, Respondent,

v.

Eric Doyle HEITHECKER, Appellant.

No. C4–86–497.

Court of Appeals of Minnesota.

Nov. 4, 1986.

---

Hubert H. Humphrey III, Atty. Gen., St. Paul, Peter A. MacMillan, Asst. Crystal City Atty., Rosenthal, Rondoni & MacMillan, Ltd., Minneapolis, for respondent.

F. Patrick McGrath, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ.

## MEMORANDUM OPINION

PARKER, Judge.

### FACTS

Appellant Eric Heithecker was convicted of careless driving under Minn.Stat. § 169.-13, subd. 2 (1984). His appeal is based on the admission at trial of certain allegedly prejudicial testimony and the sufficiency of the evidence to support his conviction.

### DECISION

Even though appellant's statement of the case indicates that a full trial transcript is necessary on appeal and his brief repeatedly cites to a trial transcript, none was made available to the State or to this court. Even after the State's counsel very properly drew this error to the attention of Heithecker's counsel, no transcript was produced.

Without a trial transcript, it is impossible to judge the merits of appellant's case. The first issue raised in his brief deals with the admission of certain allegedly prejudicial testimony at trial. Appellant never discloses exactly what testimony he is referring to, but apparently the testimony had to do with a previous DWI conviction. The State claims that no such testimony was admitted. Without a transcript, this court has no way of knowing which party is correct. Even assuming that such testimony was admitted at trial, this court obviously has no way of judging whether such testimony was unduly prejudicial without reading it in the context of the entire trial transcript.

Appellant also charges that the evidence was not sufficient to support his careless driving conviction. According to the Minnesota Supreme Court, "it is obvious, as we have repeatedly held, that a reviewing court cannot consider a sufficiency-of-evidence issue unless provided with a trial transcript." *Godbout v. Norton*, 262 N.W.2d 374, 376 (Minn.1977), *cert. denied*, 437 U.S. 901, 98 S.Ct. 3086, 57 L.Ed.2d 1131 (1978). *See also Setter v. Mauritz*, 351 N.W.2d 396, 398 (Minn.Ct.App.1984) ("Since no transcript has been filed, appellants also failed to provide the court with an adequate record for proper review").

Under Minn.R.Civ.App.P. 110.02, it is the appellant's responsibility to provide this court with a trial transcript. Due to appellant's failure to do so in this case, we cannot reach either of the issues raised on appeal.

Since appellant has failed to provide this court with a trial transcript, the decision below must be affirmed.

Affirmed.