**STATE of Minnesota, Respondent,**

v.

**Curtis Lynwood SCARVER, Appellant.**

No. C8–90–71.

Court of Appeals of Minnesota.

July 24, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

John M. Stuart, State Public Defender, Scott G. Swanson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

Appellant Curtis Lynwood Scarver was convicted of possession of cocaine and sentenced to 19 months incarceration. At trial, the court restricted testimony as to the exact location from which the police observed Scarver's activities. The court found Scarver guilty, but failed to make any specific findings of fact.

Scarver appeals, claiming he was denied his constitutional right to cross-examination and that the court's failure to make specific findings of fact was error. We remand to the trial court for findings required by Minn.R.Crim.P. 26.01, subd. 2.

## FACTS

At approximately 10:30 p.m. on April 24, 1989, Scarver arrived at the People's Choice Bar located on the corner of Milton and Selby in St. Paul. Scarver joined a group of acquaintances and drank beer outside the front of the bar.

Unbeknownst to Scarver, two St. Paul Police Officers observed the scene through self-focusing binoculars from a parked car approximately 250 feet from the corner. The police were there specifically watching for illegal drug activity.

The police claim they observed Scarver offer drugs to several passers-by and complete at least one sale to a person in an automobile. Scarver claims he neither sold nor possessed drugs that evening.

After observing Scarver for approximately one hour, the police moved in and searched Scarver. Although they found nothing on his person, the police testified they saw Scarver toss an object away from his body as they approached. A film canister containing cocaine was found on the ground near where Scarver was standing. Scarver was charged with the possession of the drugs in the canister.

Scarver waived trial by jury and the matter was tried by the court pursuant to Minn.R.Crim.P. 26.01. At trial, the defense attempted to impeach the testimony of the arresting officer by showing he would have been unable to accurately observe what went on the evening of the arrest. However, the trial court sustained the state's objection to a question regarding the exact location of the officers that evening.

The court found Scarver guilty and sentenced him to 19 months, stayed pending appeal. Scarver was subsequently arrested on an unrelated charge, at which time the court ordered the 19 months served. The court did not make specific written findings of fact as required by rule 26.01, subd. 2.

Scarver appeals both the lack of written findings and the court's refusal to allow cross-examination on the exact location of the officers when they observed Scarver on the night in question.

### ISSUES

1. Did the trial court err by failing to make specific, written findings of fact in accordance with rule 26.01, subd. 2?

2. Did the trial court abuse its discretion and violate defendant's constitutional right to cross-examine by limiting testimony on the exact location of the officers when they observed Scarver's activities?

### ANALYSIS

■ 1. Scarver claims the trial court's failure to make written findings of fact is error under rule 26.01, subd. 2. This rule states:

In a case tried without a jury, * * * [t]he court, within 7 days after the general finding in felony * * * cases, shall in addition specifically find the essential facts in writing on the record. * * * If an opinion or memorandum of decision is filed, it is sufficient if the findings of fact appear therein. If the court omits a finding on any issue of fact essential to sustain the general finding, it shall be deemed to have made a finding consistent with the general finding.

Minn.R.Crim.P. 26.01, subd. 2.

The purpose of written findings is to aid the appellate court in its review of conviction resulting from a nonjury trial.

A defendant's request for special findings must be granted. Although these findings may be written or gleaned from comments from the bench, they must afford a basis for intelligent appellate review.

*United States v. Pinner*, 561 F.2d 1203, 1206 (5th Cir.1977) (applying Fed.R.Crim.P. 23(c), after which rule 26.01, subd. 2 is modeled, *see* Minn.R.Crim.P. 26.01, subd. 2 comment).

Here, there are no written findings regarding the trial court's basis for its evaluation of the evidence of Scarver's guilt. Even its oral findings are devoid of any facts upon which this court can conduct review. In finding Scarver guilty, the court simply stated:

Mr. Scarver, as to the charge of possession of cocaine, the Court finds you guilty of that charge. I will continue this matter for a presentence investigation. When that is completed, then I will have you back in front of the Court for sentencing.

The sentencing transcript is no more elucidating.

In *State v. Totimeh*, 433 N.W.2d 921 (Minn.App.1988), *pet. for rev. denied* (Minn. Feb. 22, 1989), the defendant appealed his conviction claiming insufficiency of the evidence. This court examined the evidence before the jury and found it sufficient to find the defendant had entered a house with intent to commit criminal sexual conduct. The record contained no written findings by the trial court that such intent was present. Quoting the language in rule 26.01, subd. 2 that "if the court omits a finding on any issue of fact essential to

sustain the general finding, it shall be deemed to have made a finding consistent with a general finding," this court held:

> Even though the trial court did not specifically find [the defendant] entered with intent to commit criminal sexual conduct, such intent can be assumed to be included in the general finding.

*Totimeh*, 433 N.W.2d at 924.

The state in this case argues that *Totimeh* interprets rule 26.01, subd. 2 as allowing assumptions of fact as long as a general finding of guilt is contained in the verdict. At issue here, however, is whether evidence was properly suppressed and, if not, to what extent this prejudiced Scarver's defense. The intent issue involved in *Totimeh*, on the other hand, could be assumed in the general finding because it was an element of the crime. The ability of an officer to observe that to which he testifies and the evidence deemed sufficient by the trial court for its finding of guilt are not amenable to the same assumptions in a general finding. Specific findings are therefore required on these issues in accordance with rule 26.01, subd. 2.

■ 2. Scarver argues he was denied his right to cross-examination by the court's decision to limit his inquiry as to the officers' exact location at the time they were observing him. The trial court provided no insight into its decision. This information is crucial to the defense. The denial of adequate cross-examination on this point most certainly holds the potential for prejudice to Scarver's case. On the record before us, we cannot determine how seriously this denial influenced the court's finding of guilt. We must therefore reserve full consideration of this issue until after the trial court prepares the findings required by rule 26.01, subd. 2.

## DECISION

This case is remanded to the trial court for written findings in accordance with rule 26.01, subd. 2.

Remanded.