Timothy COLLINS, Appellant,

v.

WACONIA DODGE, INC., Respondent.

No. A10–1041.

Court of Appeals of Minnesota.

Jan. 11, 2011.

Review Denied March 15, 2011.

Mark A. Greenman, Law Office of Mark A. Greenman, Minneapolis, MN, for appellant.

Michael Puklich, Neaton & Puklich, PLLP, Chanhassen, MN, for respondent.

Considered and decided by ROSS, Presiding Judge; HUDSON, Judge; and SCHELLHAS, Judge.

## OPINION

HUDSON, Judge.

Appellant challenges the district court's imposition of sanctions following the district court's denial of summary judgment and a trial. Because the district court may order sanctions for a meritless clam after it denies summary judgment when the denial does not relate to the issue on which sanctions were imposed, we affirm.

## FACTS

In February 2008, appellant Timothy Collins filed a complaint in Carver County District Court, alleging that respondent Waconia Dodge, Inc., which is owned and operated by appellant's former wife's family, failed to compensate him for consulting services he performed in 2005 and 2006 to start a new dealership program.

Respondent moved for summary judgment, alleging that the action was barred by the two-year statute of limitations with respect to recovery of wages because personal service had not been timely effected. According to respondent, someone placed the complaint on a desk at respondent's offices, where it was later found by a clerical employee. Respondent also alleged that appellant had no express or implied employment contract with respondent; that the action was motivated solely by retaliation against appellant's former spouse, who was respondent's general manager; and that it was barred by the

equitable doctrines of laches, waiver, or unclean hands.

After a hearing, the district court denied summary judgment, concluding that there was "a discrepancy as to what the exact terms of the employment situation were" between appellant and respondent, and that it "[could not] find, as a matter of law, that [appellant] did not bring this matter within the general two-year statute of limitations window." The district court noted that, although respondent claimed that it could not locate an affidavit of personal service of the complaint, the court file showed an affidavit had been filed, which stated that service was made on respondent's representative within the statute-of-limitations period. The district court concluded that, "[a]t a minimum, there is a material question of fact regarding ... effective service," and, without reaching any of the merits, it allowed the action to proceed.

The district court held a bench trial on appellant's claims for breach of contract, wages earned under Minn.Stat. § 181.13 (2010), and commissions due under Minn. Stat. § 181.145 (2010). At the close of appellant's evidence, respondent moved for sanctions against appellant. The district court issued its findings of fact, conclusions of law, and order for judgment denying all of appellant's claims. The district court found that (1) no documentation existed to support appellant's claim that he was to be paid $325 per hour, plus commissions, for his work on the dealership program; (2) appellant failed to present any persuasive evidence that he performed more than approximately four hours of work related to that program, for which he was adequately compensated; (3) appellant asserted his additional claims for payment only after the beginning of his contentious dissolution proceeding and after a criminal trial in which he was acquitted of violating an order for protection issued for the benefit of his former wife; and (4) appellant's claim for additional compensation was not credible and was "driven, in large part, by the animosity that followed the divorce proceedings and his criminal charges." The district court found that appellant had ample opportunity to pursue his claims earlier but failed to do so.

The district court also concluded that appellant's pursuit of the action and refusal to dismiss his claims following a request to do so "require[d] significant sanctions" under Minn.Stat. § 549.211 (2010) or Minn. R. Civ. P. 11. The district court noted that appellant's counsel failed to investigate the legal or factual basis for the case and "attempted to make up for the factual/legal deficiency by simply 'piling on' more allegations." The district court stated that "[appellant's] strategy throughout this litigation has apparently been to make [appellant's former wife]—and [her] family—as miserable as possible and thereby intimidate them into making a cash settlement."

After notice and a hearing on the issue of sanctions, the district court issued amended findings and ordered sanctions of $15,000 against appellant. The district court concluded that appellant's claims "were brought against [respondent] in a vindictive and punitive fashion intended to cause [respondent] to incur significant legal expense to defend against these unsupported charges." The district court continued, "[a]lthough the [c]ourt did deny the summary judgment, ... [h]aving heard the evidence, ... the [c]ourt is convinced that [appellant's] claims were spurious and baseless." The district court also stated that "[t]here is sufficient evidence from [appellant's] past behavior toward [his former wife] and her family's business to convince the [c]ourt that without the imposition of monetary sanctions against [ap-

pellant] and in favor of [respondent], this pattern of frivolous litigation will continue."

This appeal of the sanctions judgment follows.

## ISSUE

Was the district court precluded from imposing sanctions after trial when it previously denied summary judgment based on factual issues related to timely service of process?

## ANALYSIS

■ An attorney presenting pleadings or motion papers to the court certifies that the claims are not being presented for an improper purpose, such as harassment; that they are supported by existing law or a nonfrivolous argument to change the law; and that factual allegations or their denials have evidentiary support. Minn.Stat. § 549.211, subd. 2; Minn. R. Civ. P. 11.02. A district court may impose sanctions against an attorney or a party who violates these requirements. Minn.Stat. § 549.211, subd. 3; Minn. R. Civ. P. 11.03. These provisions impose on counsel "an affirmative duty ... to investigate the factual and legal underpinnings of a pleading." *Uselman v. Uselman*, 464 N.W.2d 130, 142 (Minn.1990). This court reviews the district court's award of sanctions under either provision for an abuse of discretion. *Id.* at 141, 145 (interpreting rule 11 and predecessor statute to Minn.Stat. § 549.211); *Radloff v. First Am. Nat'l Bank of St. Cloud*, 470 N.W.2d 154, 156 (Minn.App.1991), *review denied* (Minn. July 24, 1991).

In *Uselman*, the Minnesota Supreme Court concluded that the district court abused its discretion by awarding sanctions after trial when (1) the party against whom sanctions were imposed lacked timely notice of the potential for sanctions; (2)

the district court criticized that party's request for separate counsel in connection with the motion for sanctions and denied a request for a continuance to obtain a trial transcript; and (3) the pretrial judge failed to award sanctions earlier, when the claimed abuse occurred. *Uselman*, 464 N.W.2d at 144. The court noted that the "defendants collectively brought five motions for summary judgment or dismissal. [W]hile the court narrowed the issues, it did allow the plaintiffs to proceed to trial. A party who survives these motions with the major claims intact should not be subject to sanctions after trial predicated on these surviving claims." *Id.* The *Uselman* court observed that "[t]he interest in the early disposition of meritless cases is not served ... when post-trial motions for [r]ule 11 sanctions, based on the filing of a frivolous complaint, are granted when the moving party previously lost a summary judgment motion." *Id.* (quotation omitted); *see also Hampton Bank v. River City Yachts, Inc.*, 528 N.W.2d 880, 891 (Minn.App.1995) (citing *Uselman* and concluding that the district court abused its discretion by awarding sanctions after the denial of summary judgment when relevant law was unclear and the argument was not frivolous), *review denied* (Minn. Apr. 27, 1995); *Empire Fire & Marine Ins. Co. v. Carlson*, 476 N.W.2d 666, 669–70 (Minn.App.1991) (stating, in dicta, that appellate court would not consider argument in favor of sanctions raised for first time on appeal when procedural requirements for requesting sanctions were not satisfied and the district court had earlier concluded that an issue for trial existed).

■ Citing *Uselman*, appellant argues that, because the district court denied respondent's motion for summary judgment, it abused its discretion by ordering sanctions against appellant after trial. We do not read *Uselman* so broadly. Unlike in

*Uselman,* the district court here did not address at summary judgment the issue on which it later awarded sanctions: appellant's failure to show breach of any agreement to compensate him for work performed. Although the district court's order referred briefly to a dispute relating to the exact terms of appellant's employment, the court's order responded to the motion for summary judgment, which alleged that the statute of limitations barred appellant's claim. The district court concluded that a material factual issue existed as to whether service of the complaint had been effected within the statute of limitations, and, on that basis, the district court allowed the matter to proceed. After a two-day bench trial, the district court issued 40 findings of fact summarizing the evidence and the procedural history of the case, determining that it need not resolve the service issue because appellant had presented no persuasive evidence that respondent had agreed to pay appellant $325 per hour, plus commissions, or that respondent had not adequately compensated appellant for his work on the dealership program. The district court concluded that "[t]he evidence presented at trial, together with the testimony, establishes that [appellant] pursued this case as a vendetta against [respondent]."

Under these circumstances, the district court was not precluded from ordering sanctions against appellant. At summary judgment, the district court did not directly address the issue of whether respondent breached an agreement to pay appellant for work performed. And in contrast to *Uselman,* the district court here followed the required statutory procedures for providing notice and an opportunity to respond on the issue of sanctions. *See* Minn. Stat. § 549.211, subds. 3, 4 (describing process for initiating and imposing sanctions); Minn. R. Civ. P. 11.03 (same); *cf. Uselman,* 464 N.W.2d at 144 (noting procedur-

al defects supporting conclusion that sanctions were improperly granted).

We also note that appellant bears the burden of providing a record sufficient to show alleged errors. *Port Auth. of St. Paul v. Harstad,* 531 N.W.2d 496, 501 (Minn.App.1995) (citation omitted), *review denied* (Minn. June 14, 1995); *see also* Minn. R. Civ.App. P. 110.02, subd. 1 (appellant has burden to provide transcript of proceedings). Appellant did not furnish transcripts for this court's review, and he has not challenged the sufficiency of the evidence to support the district court's findings of fact or whether the findings support the conclusions of law. Based on the record before us, we cannot conclude that the district court abused its discretion by imposing sanctions based on its determination that appellant engaged in a frivolous lawsuit.

### DECISION

The reasoning supporting the decision in *Uselman* that the denial of summary judgment precluded the later imposition of sanctions does not apply when the district court denies summary judgment based on its conclusion that a material factual issue exists as to whether personal service occurred within the statute-of-limitations period. Because the district court's denial of summary judgment did not address the issue on which it later imposed sanctions, the district court did not abuse its discretion by imposing sanctions after trial on that claim.

**Affirmed.**