*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1103**

State of Minnesota,
Respondent,

vs.

Jeremiah Allen Brooks,
Appellant.

**Filed January 26, 2015
Affirmed
Johnson, Judge**

McLeod County District Court
File No. 43-VB-14-394

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Marc Sebora, Hutchinson City Attorney, Jody Winters, Assistant City Attorney, Glencoe, Minnesota (for respondent)

Jeremiah Allen Brooks, Hutchinson, Minnesota (pro se appellant)

        Considered and decided by Schellhas, Presiding Judge; Johnson, Judge; and

Stoneburner, Judge.[*]

---

        [*]Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Jeremiah Allen Brooks was cited for driving without a seat belt and was found guilty after a court trial. We affirm.

**FACTS**

During the evening of February 19, 2014, Hutchinson Police Officer Jake Owen Snyder observed Brooks driving a vehicle with a burned-out headlight while not wearing a seat belt. Officer Snyder issued Brooks a citation for the petty-misdemeanor offense of not wearing a seat belt, in violation of Minn. Stat. § 169.686, subd. 1(a) (2014); *see also* Minn. Stat. § 169.89, subd. 1 (2014). Brooks requested a court trial. *See* Minn. Stat. § 169.89, subd. 2 (2014). Officer Snyder testified for the state. Brooks apparently did not testify.[1] The district court found Brooks guilty and imposed a fine of $110.[2] Brooks appeals.

---

[1]Brooks did not order a transcript of the trial. In any appeal, the appellant is required to order transcripts of any essential proceedings. Minn. R. Civ. App. P. 110.02, subd. 1(a). Because Brooks failed to provide this court with a transcript of the trial, we are unable to review the evidence that was presented at trial and, thus, unable to review any argument that necessarily is based on the evidence presented at trial. *See State v. Anderson*, 351 N.W.2d 1, 2 (Minn. 1984); *State v. Mogler*, 719 N.W.2d 201, 210 (Minn. App. 2006); *State v. Heithecker*, 395 N.W.2d 382, 383 (Minn. App. 1986).

[2]The district court did not make written findings of the essential facts of the case within seven days of the notice of appeal, as required in petty-misdemeanor cases. *See* Minn. R. Crim. P. 26.01, subd. 2(c). But "an appealing misdemeanant must expressly advise the trial judge of the need to provide a full set of written factual findings," *State v. Oanes*, 543 N.W.2d 658, 663 (Minn. App. 1996), and the record does not reveal whether Brooks prompted the district court to make written findings. Because Brooks did not order a trial transcript, we are unable to attempt to glean any findings from the district court's oral statements. *See State v. Scarver*, 458 N.W.2d 167, 168 (Minn. App. 1990).

## DECISION

### I.

Brooks first argues that the district court erred by finding him guilty because his conduct on the evening of February 19, 2014, was not within the scope of the seat-belt statute. He contends that the term "driver," as used in the seat-belt statute, means a person who is employed as a driver and, thus, does not include a person who is not driving within the scope of his or her employment. He further contends that he was driving for personal reasons on the evening of February 19, 2014, and, thus, was not driving within the scope of his employment.

This argument is inconsistent with the plain language of the statute. In general, "a properly adjusted and fastened seat belt, including both the shoulder and lap belt when the vehicle is so equipped, shall be worn by the driver and passengers of a passenger vehicle." Minn. Stat. § 169.686, subd. 1(a). For purposes of chapter 169, the term "driver" is defined to mean "every person who drives or is in actual physical control of a vehicle." Minn. Stat. § 169.011, subd. 1, 24 (2014). The statute does not contain any exceptions for drivers who are driving for personal reasons that are outside the scope of their employment. Thus, the district court did not err by applying the seat-belt statute to Brooks for driving a vehicle on the evening of February 19, 2014.

---

Nonetheless, Brooks has not argued that the district court erred by failing to make findings, and we can resolve Brooks's appellate arguments without factual findings.

Brooks also argues that the district court's application of the seat-belt statute violates his right to interstate travel, as guaranteed by the United States Constitution.[3]

"The right to interstate travel is a fundamental right recognized by the United States Constitution." *Schatz v. Interfaith Care Ctr.*, 811 N.W.2d 643, 654 (Minn. 2012) (citing *Mitchell v. Steffen*, 504 N.W.2d 198, 200 (Minn. 1993)). "The right to interstate travel is burdened when a statute '*actually deters* such travel, when *impeding* travel is its primary objective, or when it uses any *classification* which serves to *penalize* the exercise of that right.'" *Id.* (quoting *Mitchell*, 504 N.W.2d at 200 (citing *Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 903, 106 S. Ct. 2317, 2321 (1986))). In considering a claim based on the federal constitutional right to interstate travel, a court should ask "whether the right to travel has been so burdened by the challenged statute that the statute's classification requires strict scrutiny rather than minimal rational basis analysis because, in reality, right to travel analysis refers to little more than a particular application of equal protection analysis." *Id.* (quotations omitted).

Brooks has not demonstrated that the seat-belt statute imposes a burden on his federal constitutional right to interstate travel. The statute does not, by its terms, regulate interstate travel; it merely requires a person driving a motor vehicle within Minnesota to wear "a properly adjusted and fastened seat belt, including both the shoulder and lap belt when the vehicle is so equipped." Minn. Stat. § 169.686, subd. 1(a). Brooks's appellate

---

[3]Brooks does not argue that application of the seat-belt statute violates his right to *intra*state travel. *See State v. Stallman*, 519 N.W.2d 903, 906-07 (Minn. App. 1994).

brief does not identify any reason why the statute would deter interstate travel. We note that Brooks was cited while driving within the city of his residence. Brooks also has not identified any reason why the objective of the seat-belt statute is to impede interstate travel. In addition, Brooks has not identified any reason why the seat-belt statute uses a classification to penalize the right to interstate travel. *See Schatz*, 811 N.W.2d at 654; *State v. Cuypers*, 559 N.W.2d 435, 437 (Minn. App. 1997). The seat-belt statute imposes only a very slight burden on a driver: it requires the driver to pull a seat belt across his or her body and buckle it, which usually can be accomplished within a matter of seconds. It is highly unlikely that any person would forgo a trip to another state because of the requirement to wear a seat belt while driving through Minnesota en route to the other state.

Because the burden imposed by the seat-belt statute is so minimal, if it exists at all, Brooks's challenge can succeed only if he can show that there is no rational basis for the statute. *Schatz*, 811 N.W.2d at 654. A statute satisfies the rational-basis test if it "rationally furthers a legitimate state purpose." *Zobel v. Williams*, 457 U.S. 55, 60, 102 S. Ct. 2309, 2313 (1982). It is rather obvious that the seat-belt statute is rationally related to the state's interest in protecting the health and safety of persons traveling on its roads and highways, which is a legitimate interest. *See State v. Hershberger*, 462 N.W.2d 393, 398 (Minn. 1990).

Thus, the district court's application of the seat-belt statute does not violate Brooks's federal constitutional right to interstate travel.

**Affirmed.**