*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1664**

State of Minnesota,
Respondent,

vs.

Ali John Moin,
Appellant.

**Filed March 16, 2015
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-13-1029

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Sandra H. Johnson, Bloomington City Attorney, Torrie J. Schneider, Assistant City Attorney, Bloomington, Minnesota (for respondent)

Casey T. Rundquist, Law Offices of William J. Mauzy, Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

**JOHNSON**, Judge

Ali John Moin was found guilty of fourth-degree driving while impaired after a stipulated-evidence court trial. On appeal, Moin challenges the denial of his petition for postconviction relief. He argues that evidence of a breath test should have been suppressed before trial because his consent to the breath test was not valid. We conclude that we cannot engage in appellate review because Moin did not order a transcript of the hearing at which the postconviction court orally made findings of fact and denied the postconviction petition. Therefore, we affirm.

## FACTS

On the evening of January 10, 2013, State Trooper Peter Schultz stopped the vehicle Moin was driving after the trooper observed him weave between the right lane and the shoulder and observed him exit the highway without using his turn signal. Trooper Schultz smelled alcohol on Moin's breath and noticed that Moin's speech was slurred and that his eyes were watery. Moin admitted that he had consumed two or three drinks. Trooper Schultz asked Moin to perform field sobriety tests and to submit to a preliminary breath test, and those tests indicated that Moin was impaired. Trooper Schultz arrested Moin for driving while impaired (DWI). Trooper Schultz transported Moin to the Hennepin County jail and read him the implied-consent advisory. Moin declined to speak with an attorney and agreed to a breath test, which indicated an alcohol concentration of .17.

In January 2013, the state charged Moin with fourth-degree DWI. In May 2013, Moin moved to suppress evidence of the breath test on the ground that Trooper Schultz did not obtain a search warrant. The state and Moin entered into a stipulation of facts, which recited the basic facts of Moin's arrest, as described in the police report. The district court denied Moin's motion in August 2013, without receiving any additional evidence, in a 29-page order and memorandum. The state and Moin then agreed to a stipulated-evidence court trial. *See* Minn. R. Crim. P. 26.01, subd. 4. The district court found Moin guilty.

In September 2013, Moin filed a notice of appeal. In October 2013, this court stayed Moin's appeal pending the supreme court's release of its opinion in *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). *See* Minn. App. Spec. R. Pract. 1 ("If a case pending in the Supreme Court will be dispositive of a case pending before the Court of Appeals, the Chief Judge may order that scheduling be deferred until the Supreme Court has acted."). After the supreme court issued its opinion in *Brooks*, the parties filed a joint motion for a remand for postconviction proceedings to allow the district court to engage in additional fact-finding on the question whether Moin voluntarily consented to the breath test. *See* Minn. R. Crim. P. 28.02, subd. 4(4). In February 2014, this court granted the joint motion and again stayed the appeal.

In March 2014, Moin filed a petition for postconviction relief and requested an evidentiary hearing. In May 2014, the district court held a hearing on the petition. According to Moin's attorney, the district court informed counsel that it had viewed a squad-car video-recording but would not receive additional evidence. According to the

representations of both counsel, the district court made oral findings of fact concerning the issue of Moin's consent but did not issue a written order.

In June 2014, this court issued an order reinstating the appeal, which specifically required Moin to file a written request for transcripts or to notify the clerk of the appellate courts and opposing counsel that a transcript is not required. The parties proceeded to file their respective briefs, and the matter was submitted with oral argument.

## D E C I S I O N

Moin argues that the district court's pre-trial ruling and the postconviction court's ruling should be reversed because he did not consent to the breath test that indicated an alcohol concentration of .17.

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV; *see also* Minn. Const. art. I, § 10. A test of a person's breath constitutes a search for purposes of the Fourth Amendment. *Skinner v. Railway Labor Execs.' Ass'n*, 489 U.S. 602, 616–17, 109 S. Ct. 1402, 1413 (1989); *State v. Netland*, 762 N.W.2d 202, 212 (Minn. 2009), *abrogated in part by Missouri v. McNeely*, 133 S. Ct. 1552, 1568 (2013), *as recognized in Brooks*, 838 N.W.2d at 567. As a general rule, a search requires either a warrant or an exception to the warrant requirement, such as the person's consent, *Brooks*, 838 N.W.2d at 568; the existence of exigent circumstances,

*McNeely*, 133 S. Ct. at 1558; or a valid arrest, *State v. Bernard*, ___ N.W.2d ___, ___, 2015 WL 543160, at *4 (Minn. Feb. 11, 2015). Whether a person has voluntarily consented to a search is a factual determination. *State v. Diede*, 795 N.W.2d 836, 853 (Minn. 2011). A district court makes this determination by considering "the totality of the circumstances, including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Brooks*, 838 N.W.2d at 569 (quotations omitted). This court applies a clear-error standard of review to a district court's finding that a driver has validly consented to a breath test. *Jasper v. Commissioner of Pub. Safety*, 642 N.W.2d 435, 440 (Minn. 2002).

In its responsive brief, the state first argues that this court should dismiss Moin's appeal on the ground that he did not provide an adequate record for appellate review because he failed to order a transcript of the postconviction hearing. The applicable rule of appellate procedure provides:

> Within ten days after filing the notice of appeal, the appellant shall:
>
> (a) pursuant to subdivision 2 of this rule, order from the reporter a transcript of those parts of the proceedings not already part of the record which are deemed necessary for inclusion in the record; or
>
> (b) file a notice of intent to proceed pursuant to Rule 110.03 or Rule 110.04; or
>
> (c) notify the respondent in writing that no transcript or statement will be ordered or prepared.

Minn. R. Civ. App. P. 110.02, subd. 1. If a transcript is necessary for the proper consideration of the issues presented on appeal but the appellant has not submitted the

5

necessary transcript, this court will not consider the merits of the appeal. *See State v. Anderson*, 351 N.W.2d 1, 2 (Minn. 1984); *Godbout v. Norton*, 262 N.W.2d 374, 376 (Minn. 1977); *Custom Farm Servs., Inc. v. Collins*, 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976); *Noltimier v. Noltimier*, 280 Minn. 28, 29, 157 N.W.2d 530, 531 (1968); *Collins v. Waconia Dodge, Inc.*, 793 N.W.2d 142, 146 (Minn. App. 2011), *review denied* (Minn. Mar. 15, 2011); *State v. Heithecker*, 395 N.W.2d 382, 383 (Minn. App. 1986); *Fritz v. Fritz*, 390 N.W.2d 924, 925 (Minn. App. 1986).

Moin did not order a transcript of the postconviction hearing. He also did not notify the clerk of appellate courts and opposing counsel that no transcript is necessary, as required by rule 110.02, subdivision 1, and by the order that reinstated the appeal. Moin's argument for reversal is that he did not consent to the breath test. His appellate argument challenges the postconviction court's denial of his petition for postconviction relief.

Moin did not file a reply brief and, thus, did not reply in writing to the state's responsive argument. At oral argument, Moin's attorney argued that a transcript is not necessary because the postconviction court did not conduct an evidentiary hearing but, rather, relied primarily on the stipulated record that was submitted to the district court for the pre-trial motion to suppress. But a transcript is necessary in this appeal for a more fundamental reason: according to counsel for both parties, the postconviction court made findings and announced its decision orally at the postconviction hearing. Without a transcript, this court cannot know the postconviction court's findings of facts and the reasons for its decision. In other words, without a transcript, this court has no way of

determining whether the postconviction court's findings of facts are clearly erroneous or whether the postconviction court properly considered the totality of the circumstances surrounding Moin's consent to the breath test. *See Brooks*, 838 N.W.2d at 569.

We conclude that a transcript of the postconviction hearing is necessary to review the postconviction court's decision and that, without such a transcript, we are unable to engaged in meaningful appellate review of the postconviction court's decision. Therefore, we affirm. *See Anderson*, 351 N.W.2d at 2; *Heithecker*, 395 N.W.2d at 383.

**Affirmed.**