*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1708**

Sheikh Bilaal Muhammad Arafat
f/k/a Mark Edward Wetsch, petitioner,
Appellant,

vs.

Barlin Mohamed Ahmed,
Respondent.

**Filed June 15, 2015
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-FA-10-5685

Sheikh Bilaal Muhammad Arafat, Springfield, Missouri (pro se appellant)

Barlin Mohamed Ahmed, Hopkins, Minnesota (pro se respondent)

Considered and decided by Larkin, Presiding Judge; Halbrooks, Judge; and Johnson, Judge.

# U N P U B L I S H E D   O P I N I O N

**JOHNSON**, Judge

Sheikh Bilaal Muhammad Arafat moved to modify custody of two children by seeking joint legal custody. The district court denied his motions. We affirm.

## FACTS

Arafat and Barlin Mohamed Ahmed are the parents of two girls: N.M.W., who was born in December 2009, and N.M.O., who was born in December 2010.

In June 2011, the parties signed a recognition of parentage with respect to N.M.W. Arafat initially sought joint physical and joint legal custody of N.M.W., but the district court granted sole legal and sole physical custody of N.M.W. to Ahmed after Arafat failed to cooperate with the guardian *ad litem*, expressed his desire to not have custody, and failed to appear at a hearing on custody and parenting time.

In May 2012, the district court adjudicated paternity of N.M.O. by determining that Arafat is the girl's father. The district court granted sole legal and sole physical custody of N.M.O. to Ahmed.

In May 2014, Arafat filed motions to modify legal custody, seeking joint legal custody of both N.M.W. and N.M.O. The district court held a hearing on Arafat's motions. Arafat appeared *pro se* by telephone from a federal prison; Ahmed did not appear and did not respond to the motions. In September 2014, the district court issued a two-page order denying Arafat's motions. Arafat appeals.

## D E C I S I O N

Arafat argues that the district court erred by denying his motions to modify legal custody.

A district court is authorized by statute to modify a prior custody order. The statute states, in relevant part:

> [T]he court shall not modify a prior custody order . . . unless it finds, upon the basis of facts, . . . that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or the parties and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custody arrangement . . . that was established by the prior order unless:
>
> . . . .
>
> (iv) the child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child . . . .

Minn. Stat. § 518.18(d) (2014).

A party who moves to modify custody must make an initial factual showing by submitting an affidavit in support of the motion. *Boland v. Murtha*, 800 N.W.2d 179, 182-83 (Minn. App. 2011). The district court accepts the facts in the affidavit as true and then "determines, in its discretion, whether the moving party has made a prima facie showing for the modification or restriction." *Id.* at 183. A moving party states a *prima facie* case for an endangerment-based motion to modify custody if he or she submits evidence that (1) there has been a change in the moving party's or child's circumstances, (2) modification is necessary to serve the child's best interests, (3) the child's present environment endangers the child's physical health, emotional health, or emotional development, and (4) the benefits of the modification outweigh the detriments to the child. *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008). The moving party also must show that the change in circumstances is the cause of the child's emotional or

physical endangerment. *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471, 472 (Minn. 1981).

If a district court denies a motion to modify custody without holding an evidentiary hearing, this court applies a *de novo* standard of review to the district court's interpretation of the moving party's affidavit, an abuse-of-discretion standard of review to the district court's determination whether a *prima facie* case has been established, and a *de novo* standard of review to the district court's decision to not hold an evidentiary hearing. *Boland*, 800 N.W.2d at 185. If a district court rules on a motion to modify custody after holding an evidentiary hearing, this court applies a clear-error standard of review to the district court's findings of fact and an abuse-of-discretion standard of review to the district court's ultimate decision whether to modify custody. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn. 1985); *Schisel v. Schisel*, 762 N.W.2d 265, 270 (Minn. App. 2009).

Arafat contends that the district court erred by denying his motions to modify legal custody. As an initial matter, we note that the applicable standard of review is unclear because the record does not indicate whether the district court held an evidentiary hearing. The district court's order does not specify whether the July 10, 2014 hearing was an evidentiary hearing. The district court's order also does not specify whether Arafat's motions were denied because he failed to establish a *prima facie* case or because he failed to satisfy his ultimate burden of persuasion. We are unable to review a transcript of the July 10, 2014 hearing because there is no such transcript in the appellate record. In any appeal, the appellant is responsible for ordering and submitting any

4

transcripts that are necessary for appellate review. Minn. R. Civ. App. P. 110.02, subd. 1. Without a transcript, it is impossible for this court to know whether Arafat testified or otherwise introduced any evidence. And without knowing the substance of Arafat's evidence (if any evidence was introduced), it is impossible to know whether the district court erred. This court generally refuses to consider the merits of an appeal if an appellant has failed to submit a transcript that is necessary for appellate review. *See, e.g.*, *Godbout v. Norton*, 262 N.W.2d 374, 376 (Minn. 1977); *Custom Farm Servs., Inc. v. Collins*, 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976); *Noltimier v. Noltimier*, 280 Minn. 28, 29, 157 N.W.2d 530, 531 (1968); *Collins v. Waconia Dodge, Inc.*, 793 N.W.2d 142, 146 (Minn. App. 2011), *review denied* (Minn. Mar. 15, 2011); *Fritz v. Fritz*, 390 N.W.2d 924, 925 (Minn. App. 1986).

In any event, Arafat's appellate arguments are unconvincing. He contends that the district court erred because there has been a change in circumstances and because the children are endangered. But his appellate brief consists mostly of vague and general assertions that do not contain the requisite specificity to demonstrate legal error. His most specific contention is that his circumstances have changed because he now is incarcerated in federal prison and, for that reason, has no reason to fear that Ahmed will falsely accuse him of child abuse. He implies that he refrained from seeking joint custody during the earlier custody proceedings, when he was not incarcerated, because he feared that Ahmed would make false accusations against him. Regardless whether that is a valid reason for seeking or not seeking custody, it is not a change in circumstances of a type recognized by the law because the change could not have caused any endangerment

5

of the children's physical or emotional health. *See Nice-Petersen*, 310 N.W.2d at 472. The district court determined that there is no evidence of endangerment. The district court stated, "While [Arafat] criticizes [Ahmed's] parenting of her other non-joint children, [Arafat] has made no allegations that [N.M.W. and N.M.O.] are endangered by [Ahmed] having sole legal custody." Without a transcript, we cannot conclude that the district court erred in this determination.

In sum, Arafat has not shown that the district court erred by denying his motions for joint legal custody.

**Affirmed.**