*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1310**

State of Minnesota,
Respondent,

vs.

Laura Kirstine Avery,
Appellant.

**Filed June 22, 2015
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CR-12-41915

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Stan Keillor, Access Justice, Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and Reilly, Judge.

# UNPUBLISHED OPINION

**HALBROOKS**, Judge

On appeal from her conviction of four counts of malicious punishment of a child, appellant argues that she did not receive a valid stipulated-facts trial or a valid bench trial

under *Dereje v. State* and that she did not knowingly and intelligently waive her right to a jury trial. We affirm.

**FACTS**

On December 13, 2012, appellant Laura Kirstine Avery was assigned as a substitute teacher in a fifth-grade classroom. Her students reported mid-day to school staff members, and later to police investigators, that at different points throughout the morning, Avery yelled at, swore at, and physically punished or assaulted fifth graders. After an investigation, the state charged Avery with gross misdemeanor malicious punishment of a child with respect to five students, one of whom was later withdrawn as a victim, and misdemeanor tampering with a witness with respect to a sixth student.

The parties appeared in district court on July 30, 2013, purportedly for a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 3. Defense counsel and the district court made a record of Avery's waiver of her jury-trial rights, and defense counsel also submitted her written jury-trial waiver.

The district court then asked the prosecutor, "[I]t's my understanding that you're going to reduce all of the documents and such to a CD and someone from your office will drop it off today or tomorrow?" The prosecutor responded that it might take "an extra day or so" to save everything to a CD. The district court asked if "there is an agreement between you and [defense counsel] about what's going to be contained in that package?" The prosecutor responded that there was an agreement that there would be no foundation or authenticity objections and noted that defense counsel had asked for extra time to submit character evidence. In a cover letter to the district court dated that same day, the

prosecutor indicated that an amended complaint and the state's evidentiary submission were attached and noted that the parties were "almost entirely in agreement about the facts to be submitted."

On September 30, 2013, Avery's counsel submitted her written closing argument, attaching evidentiary exhibits. The prosecutor also submitted his closing argument with attachments that day.[1]

On October 8, the district court filed an order extending its time to return a verdict, noting that neither party objected. On December 23, 2013, the district court found Avery guilty of four counts of malicious punishment of a child but not guilty of tampering with a witness. After denying Avery's motion for a new trial on the ground that it was untimely, the district court convicted and sentenced Avery on April 2, 2014. On July 30, 2014, Avery filed a notice of appeal with a motion for extension of time to file the notice, which we granted.

After Avery filed this appeal, the state's appellate attorney moved the district court to supplement the record, attaching (1) a CD containing the state's exhibits and the July 30 cover letter and (2) the state's submissions from September 30 (cover letter, closing argument, proposed exhibit list, proposed findings of fact and conclusions of law, and amended complaint). The district court granted the motion and sealed the supplemental record.

---

[1] Due to confidentiality reasons, the state's documents were not formally filed with the district court when they were submitted.

**D E C I S I O N**

**I.**

Before the district court, both attorneys referred to the bench proceeding as a stipulated-facts trial. On appeal, the parties agree that under the rule of *Dereje v. State*, the bench proceeding did not qualify as a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 3. In *Dereje,* our supreme court held that "the submission of documentary evidence presenting contradictory versions of events cannot constitute a valid trial on stipulated facts under Minn. R. Crim. P. 26.01, subd. 3." *Dereje v. State*, 837 N.W.2d 714, 721 (Minn. 2013), *cert. denied*, 134 S. Ct. 1772 (2014).

A proper stipulated-facts trial under subdivision 3 requires "agreement between opposing parties regarding the actual event or circumstance." *Id.* at 720. Here, the documentary evidence contains contradictory versions of events on critical elements. Because a stipulated-facts trial cannot be based on the submission of documentary evidence presenting contradictory versions of events, Avery did not receive a valid stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 3.

**II.**

When a defendant does not receive a valid stipulated-facts trial, a new trial is not warranted if (1) the defendant received a valid bench trial under rule 26.01, subdivision 2; (2) the defendant validly waived her jury-trial rights; and (3) the district court made "detailed and thorough findings of fact drawn from the stipulated evidence." *Id.* at 721.

**Validity of Court Trial**

The procedure employed here parallels that of *Dereje* in that the parties submitted documentary evidence containing contradictory versions of events, and the district court made findings of fact drawn from the evidence submitted. *See id.* Avery argues that the procedure was defective due to the absence of an explicit agreement on the evidence to be submitted, but neither Minn. R. Crim. P. 26.01, subd. 2, nor the caselaw interpreting it require parties to stipulate to the body of evidence to be offered in a bench trial. Here, the district court and counsel discussed the status of the evidentiary submission, and the district court reminded counsel to cite rules in support of any evidentiary objections. We conclude that Avery received a valid bench trial under Minn. R. Crim. P. 26.01, subd. 2.

**Validity of Jury-Trial Waiver**

Avery's jury-trial waiver must "be knowing, intelligent and voluntary." *State v. Ross*, 472 N.W.2d 651, 653 (Minn. 1991). Avery concedes that her jury-trial waiver complied with Minn. R. Crim. P. 26.01, subd. 2, but argues that it was not knowing and intelligent.[2] The heart of Avery's argument is that the unspecified content of the evidentiary record at the time of her jury-trial waiver invalidates her waiver.

Our review of the record shows that at the time of Avery's jury-trial waiver, counsel may not have finalized the content of the CD of evidence that was to be provided to the district court. But the CD was finalized shortly thereafter—nearly two months

---

[2] To the extent Avery argues that her waiver made in contemplation of a subdivision 3 proceeding is ineffective for a subdivision 2 proceeding, our supreme court implicitly rejected this argument in *Dereje*. *Compare* 837 N.W.2d at 719, 721, *with* 837 N.W.2d at 725 (Page, J., dissenting).

before the parties submitted their closing arguments. At no point did Avery advise the district court that the content of that record went beyond her expectations and understanding when she waived her jury-trial rights. And before this court, Avery does not identify any evidence that was a surprise to her or that would have affected her decision to waive her jury-trial rights. There is no indication that the record submitted to the district court contained evidence that had not been properly disclosed by the state or that it had other procedural defects. To the contrary, the parties agreed that there would be no foundation or authenticity objections.

We are not persuaded by Avery's argument that her waiver could not have been knowing and intelligent without advance stipulation to the content of the record. Generally, when a defendant waives her right to a jury trial in favor of a court trial under subdivision 2, there is no requirement that the parties identify the evidence that will be offered at trial. In view of the requirements for jury-trial waivers in court trials with live testimony and arguments, we conclude that Avery's jury-trial waiver here was valid despite the possibility that the evidence submitted to the district court was not finalized until after Avery waived her right to a jury trial.

**Findings of Fact**

The third prong of the *Dereje* analysis examines whether the district court made "detailed and thorough findings of fact" drawn from the body of evidence to which the parties had stipulated. *Dereje*, 837 N.W.2d at 721. "The purpose of written findings is to aid the appellate court in its review of conviction resulting from a nonjury trial." *State v. Scarver*, 458 N.W.2d 167, 168 (Minn. App. 1990).

6

Avery concedes that the district court made "lengthy findings of fact referencing various exhibits" but argues that the findings were nevertheless insufficient, particularly in light of the procedural irregularities relating to her trial.  Having reviewed the findings and the district court record in its entirety, we conclude that the district court made detailed and thorough findings of fact drawn from the body of evidence to which the parties had stipulated.  We therefore conclude that Avery's bench trial was not procedurally defective and that a new trial is not warranted.

**Affirmed.**