*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0063**

State of Minnesota,
Respondent,

vs.

Chad William Mosher,
Appellant.

**Filed August 15, 2016
Affirmed
Ross, Judge**

Becker County District Court
File No. 03-CR-14-107

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and

Gretchen D. Thilmony, Becker County Attorney, Tammy L. Merkins, Assistant County Attorney, Detroit Lakes, Minnesota (for respondent)

Richard Kenly, Kenly Law Office, Backus, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Ross, Judge; and Stauber, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Chad Mosher was arrested on suspicion of drunk driving after police discovered his vehicle resting in a ditch and he failed field sobriety tests. Mosher listened to the implied-

consent advisory and agreed to take a breath test, which revealed an alcohol concentration of 0.14. The state charged Mosher with driving while impaired. Mosher stipulated to the state's evidence after a contested omnibus hearing in which the district court apparently denied his request to suppress the breath test. The district court found Mosher guilty of driving while impaired. We affirm.

## FACTS

On a January 2014 evening, White Earth police officer Franklin Tibbetts saw a vehicle in a ditch along County Road 133. The engine was running and the headlights were illuminated. Officer Tibbetts approached the vehicle's passenger-side window and detected the odor of an alcoholic beverage emanating from inside. Officer Tibbetts also noticed an open can of beer in a passenger-side cup holder along with a 12-pack of beer sitting between the passenger's feet. The officer walked around and spoke with the vehicle's driver, Chad Mosher, who had bloodshot eyes and slurred speech. Mosher said he drank six beers. Officer Tibbetts suspected that Mosher was drunk, and he administered field sobriety tests and a preliminary breath test, which confirmed the suspicion. The officer arrested Mosher and took him to the Becker County Law Enforcement Center.

Officer Tibbetts read Mosher the implied-consent advisory and asked him to take a breath test. Mosher agreed to take the test, which revealed an alcohol concentration of 0.14. The state charged Mosher with first-degree driving while impaired based alternatively on his alcohol concentration and his physical impairment. Mosher asked the district court to suppress the breath-test results on constitutional grounds, and the court rejected his argument. The parties stipulated to the state's evidence under Minnesota Rule of Criminal

2

Procedure 26.01, subdivision 4, preserving for possible appeal Mosher's constitutional challenge. The district court found him guilty of the alcohol-concentration charge, and Mosher appeals.

## D E C I S I O N

Mosher argues on appeal that his consent to the breath test was involuntary and the test therefore unconstitutional. The state first challenges Mosher's argument on the ground that Mosher has not provided a record of the pretrial ruling he asks us to review. We have previously declined to review claims when the appellant has failed to prepare a sufficient record. *See, e.g.*, *State v. Heithecker*, 395 N.W.2d 382, 383 (Minn. App. 1986) (affirming appellant's conviction because he failed to provide the trial transcript necessary to review his sufficiency-of-the-evidence claim). But the state concedes that because Mosher is challenging the voluntariness of his consent and the underlying facts are undisputed, we can reach the merits. *See Richards Asphalt Co. v. Bunge Corp.*, 399 N.W.2d 188, 191–92 (Minn. App. 1987). We will address Mosher's argument even though the record presented on appeal lacks the district court's analysis or express ruling.

The United States and Minnesota Constitutions protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A breath test is a search. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616–17, 109 S. Ct. 1402, 1412–13 (1989). A warrantless search without probable cause is generally per se unconstitutional. *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994). But a search warrant is not necessary when the test subject voluntarily consents to a breath test. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013). Voluntariness depends on the totality of the

3

circumstances, including "the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 569 (quotation omitted).

Mosher argues that his consent was involuntary because the implied-consent advisory is itself unconstitutionally coercive. The argument is unconvincing. The supreme court has held that a driver's decision to take a breath test is not coerced simply because the legislature has made test refusal a crime. *See id.* at 570. And we see nothing in the circumstances that suggests that Mosher's consent was involuntarily given. The *Brooks* court concluded that the driver had voluntarily consented to testing in part because he was not confronted with repeated police questioning or subjected to days in custody before being asked to consent. *Id.* at 571. It also observed that he had the opportunity to consult with a lawyer before taking each test and that police had read him the implied-consent advisory, with its implied indication that the driver could refuse the test. *Id.* at 571–72.

This case resembles *Brooks*. Mosher agreed to take the breath test about two hours after his arrest. He was read the implied-consent advisory, which he expressly understood. And he was given the opportunity to speak with an attorney before he agreed to be tested. Mosher's only effort to distinguish this case from *Brooks* is his argument that he did not actually speak to an attorney before agreeing to take the test. But the *Brooks* court emphasized only "the *ability* to consult with counsel about [the] issue," and even then it said only that this ability "*supports the conclusion* that [the] defendant made a voluntary decision," not that it was required for the conclusion. *Id.* at 572 (emphasis added). The audio recording of the implied-consent discussion reveals that Mosher had the ability and

4

was given the opportunity to speak with an attorney, but he expressly declined. His consent was not involuntary simply because he chose not to avail himself of the opportunity.

Because Mosher identifies no other circumstances supporting his assertion that his consent was involuntary, we affirm the district court's apparent finding of voluntariness.

**Affirmed.**